| Attorney or Party Name, Address, Telephone & Fax Nos., State Bar No. & Email Address<br><br>M. Douglas Flahaut SBN 245558<br>Echo Park Legal, APC<br>2210 Sunset Blvd. #301<br>Los Angeles, CA 90026<br>df@echoparklegal.com<br>(310) 709-0658<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor and Debtor-in-Possession | FOR COURT USE ONLY |
|---|---|
| <div align="center">**UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA -** LOS ANGELES DIVISION</div> ||
| In re:<br><br>Spearman Aerospace, Inc. | CASE NO.  2-25-bk-10917-DS<br><br>CHAPTER 11<br>(Subchapter V) |
| | **SUBCHAPTER V STATUS REPORT**<br><br>**Status Conference:**<br>DATE: 3/13/2025<br>TIME: 1:00 p.m.<br>COURTROOM: 1639 |

## Status Conference Location:

☒  255 East Temple Street, Los Angeles, CA 90012

☐  411 West Fourth Street, Santa Ana, CA 92701

☐  21041 Burbank Boulevard, Woodland Hills, CA 91367

☐  1415 State Street, Santa Barbara, CA 93101

☐  3420 Twelfth Street, Riverside, CA 92501

**TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE SUBCHAPTER V TRUSTEE, ALL PARTIES IN INTEREST, AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that the debtor and debtor-in-possession in this case ("Debtor") is proceeding under subchapter V of chapter 11 of Title 11 of the United States Code ("Bankruptcy Code" or "U.S.C."),[1] and the Bankruptcy Court will hold a status conference at the date, time, and place set forth above. The Debtor is filing this Status Report pursuant to 11 U.S.C. § 1188(c) and LBR 2015-3(b).[2] Check your presiding judge's procedures to see if, in addition to this Status Report, you must also file Local Form F 2081-1.1.C11.STATUS.RPT, or any other form of Status Report.

1. **The Plan:**

    1.1 What type of plan will the Debtor propose?

    ☒ Consensual (i.e., with agreement or consent of creditors and other interested parties)
    ☐ Nonconsensual[3]
    ☐ Undetermined

    1.2 Explain why the Debtor expects the plan to be consensual or nonconsensual, or the reason why it is undetermined at this time:
    The Debtor expects the value of the collateral will not be disputed and is confident the plan will be better for creditors than a liquidation. Discussions will continue.

    1.3 Will the Debtor file the plan within the deadline of 90 days from the petition date imposed by § 1189(b)?

    ☒ Yes
    ☐ No

    If "No," explain why, and state when the Debtor will file its[4] plan:

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020. All references to "Section" or "§" are to the Bankruptcy Code or Title 11 of the United States Code.

[2] "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c).

[3] The term "nonconsensual plan" for purposes of this Status Report means a plan confirmed under § 1191(b).

[4] In this Status Report, "it" in referring to the Debtor also refers to "him" or "her."

1.4 Please summarize the basic nature of the plan:
See section 1.4 of the addendum.

2. **Efforts Toward Consensual Plan:**[5]

   2.1 Describe the efforts the Debtor has taken so far to obtain the consent of creditors for a consensual plan:
   The Debtor has begun speaking with its creditors and will continue to do so.

   2.2 Describe the efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan:
   The Debtor intends to interface with all active creditors and enlist the help of the Sub V Trustee.

   2.3 Describe the efforts that Debtor has taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtor's reasons for not reaching out to creditors and parties in interest about a plan:
   Counsel for the Debtor has spoken to multiple creditors and expects to speak to more after the plan has been formulated / filed.

   2.4 Identify the parties with whom the Debtor has discussed a plan. Select all that apply:

   ☒ Secured creditors
   ☐ Priority creditors
   ☒ Unsecured creditors
   ☒ Equity interest holders
   ☒ The subchapter V trustee
   ☐ Others (describe: &lt;fill in&gt;)

3. **Appointment of Committees and Disclosure Statement:**

   3.1 In the Debtor's view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

   ☐ Yes
   ☒ No

---

[5] This Status Report does not ask the Debtor to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

      Explain your answer:
      The Debtor believes it can discuss the plan with any active/interested creditors and that the Sub V Trustee can ensure the estate is maximized for all creditors.

3.2    In the Debtor's view, is there any "cause" for the Court to order the filing of a separate disclosure statement pursuant to § 1181(b) and § 1125?

      ☐    Yes
      ☒    No

      Explain your answer:
      The global declaration and the Plan are expected to adequately describe the history leading to the filing and the operation of the proposed plan.

## 4.   Reporting Compliance:

4.1    Has the Debtor filed all the documents required under § 1187(a)?[6]

      ☒    Yes
      ☐    No

If "No," identify the documents that were required to be filed[7] but were not:

      ☐    (a) the Debtor's most recent balance sheet

      ☐    (b) the most recent statement of the Debtor's operations

      ☐    (c) the Debtor's most recent cash-flow statement

      ☐    (d) the Debtor's most recent Federal income tax return

Has the Debtor filed a statement under penalty of perjury that the Debtor has not prepared a balance sheet, statement of operations, and/or cash-flow statement and/or that Debtor has not filed its Federal income tax return as required by § 1116(1)(B)?

      ☐    Yes
      ☐    No
      ☒    Not applicable

---

[6] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.

[7] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

March 2021                                                                                                F 2015-3.1.SUBV.STATUS.RPT

-4-

If "Yes," identify each unprepared or unfiled document, and explain why the document was not prepared or filed and how the Debtor intends to prepare or file the document:

4.2   Has the Debtor filed all Small Business Monthly Operating Reports (Official Form B 425C) ("MORs") as required under § 308?

☒   Yes
☐   No

If "No," or if portions of the MORs are deficient, identify which portions are deficient or not reported fully:

☐   (a) Reports regarding Debtor's profitability

☐   (b) Reports regarding reasonable approximations of projected cash receipts and disbursements over a reasonable period

☐   (c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports

☐   (d) Reports regarding whether the Debtor is (i) in compliance in all material respects with postpetition requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (ii) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due

☐   (e) Reports regarding Debtor's failure to make either of the reports in the immediately preceding paragraph (d) (as required by § 308(b)(5))

☐   (f) Reports regarding such other matters as are in the best interests of the Debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11

For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

5. **Other Code Compliance:**

    5.1    Did the Debtor attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

         ☐    Yes
         ☒    No

         If "No," explain why and when the Debtor intends to comply with these requirements:
         Debtor attended the IDI. The 341(a) has yet to occur, but the Debtor will attend.

    5.2    Has the Debtor filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

         ☒    Yes
         ☐    No

         If "No," explain why and when the Debtor intends to comply with these requirements:

    5.3    Has the Debtor maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

         ☒    Yes
         ☐    No

         If "No," explain why and when the Debtor intends to comply with this requirement:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2021*    -6-    F 2015-3.1.SUBV.STATUS.RPT

5.4 Has the Debtor timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

☒ Yes
☐ No

If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

5.5 Has the Debtor allowed the United States Trustee to inspect the Debtor's premises, books, and records, and otherwise complied with § 1116(7)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with this requirement:

6. **Cash Collateral:**

6.1 Does any entity assert that any property of the bankruptcy estate constitutes its cash collateral?

☒ Yes
☐ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.
Various secured creditors as more fully explained in the Debtor's Cash Collateral Motion [Dkt. No. 3]

6.2 Is the Debtor currently using, selling, and/or leasing any property of the bankruptcy estate that any entity contends is its cash collateral?

☒ Yes
☐ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

See Debtor's Cash Collateral Motion [Dkt. No. 3] and Order Authorizing the Use of Cash Collateral.

6.3 Since the filing of this bankruptcy case, has the Debtor used, sold, and/or leased any property of the bankruptcy estate that an entity contends is its cash collateral?

☒ Yes
☐ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

See Cash Collateral Motion [Dkt. No. 3] and Order Authorizing the Use of Cash Collateral.

6.4 Has the Court approved any orders authorizing the use of cash collateral?

☒ Yes
☐ No

6.5 Has every entity having any interest in cash collateral that is property of the bankruptcy estate consented to its use?

☐ Yes
☒ No
☐ Not applicable

7. **"First Day" Motions:**

7.1 Has the Debtor filed any of the following "first day" motions, if applicable:

☒ Cash collateral
☐ DIP financing
☒ Prepetition non-insider wage payments
☒ Cash management authority
☐ Utilities
☐ Limit notice
☐ Joint administration
☐ Critical vendor
☐ Others:

---

## STATUS REPORT ADDENDUM

Paragraph 1.4: The Debtor's consist primarily of various valuable equipment that constituted the collateral of various secured creditors. The Debtor intends to file a plan that values each item of collateral and treats the secured creditors with an interest in each item as secured (in the order of priority) up to the value of the item of equipment and unsecured above the value of the item of equipment. As such, secured creditors with valid security interests in items of equipment will be paid in full, with interest, up to the value of the underlying equipment over the plan and claims above the value of the collateral will be treated as unsecured claims. Unsecured creditors are expected to share in the Debtor's projected disposable income over three years.

Paragraph 8.1: The Debtor intends to have its plan filed prior to the initial status conference and would request this Court set a confirmation hearing and related dates and deadlines at the initial status conference. In connection with this, the Debtor believes it is important to set a deadline for secured creditors to make a Section 1111(b) election and would request that deadline be set at or before the deadline for written oppositions to the plan.

Dated: 2/26/2025

Respectfully submitted,

M. Douglas Flahaut
Name of Debtor's Counsel

/s/ M. Douglas Flahaut
Signature of Debtor's Counsel

Name of Law Firm:
Address:

Telephone number:
Email Address:

I/we declare, under penalty of perjury, that I/we have read and reviewed all of the information provided in this Status Report and that it is true, correct, and accurate.

Dated: 2/26/2025

Scott Holland
Name of Debtor/Debtor Representative

President
Relation to Debtor

Signature of Debtor/Debtor Representative

Dated: _____

Name of Co-Debtor (if any)

Signature of Co-Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Echo Park Legal, APC, 2210 W Sunset Blvd. #301, Los Angeles, CA 90026.

A true and correct copy of the foregoing document entitled (*specify*): SUBCHAPTER V STATUS REPORT will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 27, 2025 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Karen L Belair**    kbelair@zwickerpc.com; **M Douglas Flahaut**    df@echoparklegal.com; **Robert Paul Goe (TR)** bktrustee@goeforlaw.com, kwareh@goeforlaw.com;bkadmin@goeforlaw.com;C187@ecfcbis.com;kmurphy@goeforlaw.com;rgoe@goeforlaw.com; **Arnold L Graff** agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net; **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov; **Sean A OKeefe**    sokeefe@okeefelc.com, seanaokeefe@msn.com; **David L Oberg**    david@oberglawapc.com; **Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com; **Amitkumar Sharma**    amit.sharma@aisinfo.com; **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:
On February 27, 2025, I *caused to be* served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*I caused the document noted above to be served utilizing the services of BK Attorney Services, LLC d/b/a certificatofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4) as provided in the following pages.*

**X** Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/27/2025 | M. Douglas Flahaut | /s/ M. Douglas Flahaut |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                            **F 9013-3.1.PROOF.SERVICE**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| IN RE: | CASE NO: 25-10917 |
|---|---|
| Spearman Aerospace, Inc. | **CERTIFICATE OF SERVICE DECLARATION OF MAILING** |
| | Chapter: 11 |

On 2/27/2025, a copy of the following documents, described below,

Order Setting Scheduling and Case Management Conference

Subchapter V Status Report

Supplement to Subchapter V Status Report [Local Bankruptcy Form 2015-3.1]

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 2/27/2025

_____
Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
M. Douglas Flahaut
Echo Park Legal, APC
2210 Sunset Blvd. #301
Los Angeles, CA  90026

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

| | | |
|---|---|---|
| ALLY BANK<br>2911 LAKE VISTA BLVD.<br>LEWISVILLE, TX 75067 | ALTEMPS ALLOYS LLC<br>330 WEST TAFT AVE.<br>ORANGE, CA 92865 | BMO BANK<br>1625 W. FOUNTAINHEAD PKWY, FL 10<br>TEMPE, AZ 85282 |
| FLAGSTAR BANK<br>CORPORATE DRIVE E-203-1<br>TROY, MI 48098 | HUNTINGTON BANK<br>ATTN: YOLANDA HUNTER<br>11100 WAYZATA BOULEVARD, SUITE 700<br>HOPKINS, MN 55305 | INTECH FUNDING CORP.<br>201 EAST HUNTINGTON DRIVE<br>STE. 201<br>MONROVIA, CA 91016 |
| MANUFACTURERS CAPITAL<br>227 WEST TRADE STREET<br>SUITE 1450 CHARLOTTE, NC 28202 | MIDLAND STATES BANK<br>5401 OLYMPIC DRIVE, SUITE 200<br>GIG HARBOR, WA 98335 | VALLEY ACQUISITION CORPORATION<br>C/O GREENBAUM LAW GROUP LLP<br>160 NEWPORT CENTER DR<br>STE 110<br>NEWPORT BEACH, CA 92660 |
| CELTIC CAPITAL CORPORATION<br>23622 CALABASAS RD., SUITE 323<br>CALABASAS, CA 91302 | ASSN COMPANY<br>P.O. BOX 2576<br>SPRINGFIELD, IL 62708 | CITIBANK, N.A.<br>338 GREENWICH STREET<br>10TH FLOOR<br>NEW YORK, NY 10013 |
| FINANCIAL AGENT SERVICES<br>P.O. BOX 2576<br>SPRINGFIELD, IL 62708 | MANUFACTURERS FINANCING SERVICES<br>10370 SLUSHER DRIVE, SUITE 10<br>SANTA FE SPRINGS, CA 90670 | SIEMENS FINANCIAL SERVICES, INC.<br>170 WOOD AVENUE SOUTH<br>ISELIN, NJ 08830 |
| SIGNATURE FINANCIAL AND LEASING<br>225 BROADHOLLOW RD.<br>SUITE 132W<br>MELVILLE, NY 11747 | U.S. BANK EQUIPMENT FINANCE<br>1310 MADRID ST.<br>MARSHALL, MN 56258 | FORA FINANCIAL<br>1385 BROADWAY FL 15<br>NEW YORK, NY, 10018 |
| SELWAY MACHINE TOOL COMPANY<br>29250 UNION CITY BLVD.<br>UNION CITY, CA, 94587-1209 | HADCO<br>P.O.BOX 788587<br>PHILADELPHIA, PA, 19178-8587 | SUPERIOR HANDFORGE<br>P.O. BOX 12738<br>NEWPORT BEACH, CA, 92658 |
| PT SOLUTIONS<br>PO BOX 670587<br>DETROIT, MI, 48267-0587 | VANACORE ENGINEERING INC<br>9801 LURLINE AVE.<br>CHATSWORTH, CA, 91311 | MIRA D'ANGELO<br>16835 ALGONQUIN ST., 477<br>HUNTINGTON BEACH, CA, 92649 |
| SNOWLINE ENGINEERING<br>4261 BUSINESS DRIVE<br>CAMERON PARK, CA, 95682 | APTEK LABORATORIES INC<br>28570 LIVINGSTON AVENUE<br>VALENCIA, CA, 91355-4171 | H & N MACHINE CO<br>14022 PARSONS PLACE<br>GARDEN GROVE, CA, 92843 |

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

| | | |
|---|---|---|
| WYNN PRECISION, LLC<br>13862 A BETTER WAY<br>STE 8E<br>GARDEN GROVE, CA, 92843 | WALKER BROTHERS<br>3839 E. CORONADO ST.<br>ANAHEIM, CA, 92807 | 3P PROCESSING<br>1702 S KNIGHT ST<br>WICHITA, KS, 67213 |
| ACCURATE STEEL TREATING, INC.<br>10008 MILLER WAY<br>SOUTH GATE, CA, 90280 | BISCO INDUSTRIES<br>P.O. BOX 68062<br>ANAHEIM, CA, 92817 | SUNSHINE METALS<br>PO BOX 8332<br>PASADENA, CA, 91109 |
| ELLISON TECHNOLOGIES<br>P. O. BOX 880962<br>LOS ANGELES, CA, 90088-0962 | THE HOME DEPOT<br>PO BOX 9001030<br>LOUISVILLE, KY, 40290-1030 | OMNI METAL FINISHING<br>11665 COLEY RIVER CIRCLE<br>FOUNTAIN VALLEY, CA, 92708 |