1  Thomas J. Polis, Esq. (SBN 119326)
   **POLIS & ASSOCIATES, APLC**
2  19800 MacArthur Blvd., Suite 1000
   Irvine, California 92612
3  Telephone: (949) 862-0040; Facsimile:  (949) 862-0041
   Email:  tom@polis-law.com
4
5  Counsel for Senior Secured Creditor, Pacific Premier Bank

6

7                 **UNITED STATES BANKRUPTCY COURT**

8       **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

9

10 **In re**                              | **Case No.: 2:25-bk-10917-DS**

11 **Spearman Aerospace, Inc.,**          | **Chapter 11**

12                            **Debtor.**  | **SENIOR SECURED CREDITOR PACIFIC PREMIER BANK'S OPPOSITION TO DEBTOR'S DIP FINANCING MOTION (ECF NOS. 69/75)**
13
14                                         | **[Evidentiary Objections and Request for Judicial Notice Filed and Served Concurrenlty Herewith]**
15
16
17                                         | Hearing:
                                           | Date:  April 8, 2025
18                                         | Time:  1:00 p.m.
                                           | Ctrm:  1639, 16th Floor
19                                         |        US Bankruptcy Court
                                           |        255 E. Temple Street
20                                         |        Los Angeles, CA 90012

21

22

23

24

25

26

27

28

**TO THE HONORABLE DEBORAH SALTZMAN, U.S. BANKRUPTCY JUDGE; THE DEBTOR AND ITS COUNSEL OF RECORD; THE DEBTOR'S SUBCHAPTER V TRUSTEE; AND OTHER PARTIES ENTITLED TO NOTICE:**

Senior Secured Creditor, Pacific Premier Bank ("Pacific Premier Bank"), submits the following *Opposition Re: Debtor's DIP Financing Motion* (ECF Nos. 69/75) ("*DIP Financing Motion*"). As detailed herein Pacific Premier Bank respectively requests the Court deny the Debtor's *DIP Financing Motion* based on the following factual and legal reasons:

i)    Section 364(d)(2) of the Bankruptcy Code provides that the burden of proof lies with the debtor/trustee to show that in fact in the context of a proposed priming lien the present senior lien holder's position is being adequately protected as a result of the proposed new priming lien, and despite this express statutory requirement, the Debtor's *DIP Financing Motion* is complete void of any factual and evidentiary support that in fact Pacific Premier Bank's presently existing senior secured lien of approximately $1,400,000 is being adequately protected as a result of the Debtor's intended $500,000 proposed DIP Financing, albeit by its 100% sole shareholder, SPAC Holdings I, LLC;

ii)   Section 361 of the Bankruptcy Code explains what constitutes "adequate protection in the context of the Bankruptcy Code, ". . .including but without limitation periodic payments, an additional replacement lien or other relief that results in the "indubitable equivalent. . .," however, the Debtor's *DIP Financing Motion* is completely void of any offer of adequate protection to senior secured lender Pacific Premier Bank on account of its $1,400,000 senior secured lien by SPAC Holdings I, LLC (the Debtor's recently acquired 100% sold shareholder, who acquired all of the Debtor's shares for zero dollars);

iii)  The combined effect of Section 502 of the Bankruptcy Code, along with Rule 3001(f) of the Federal Rules of Bankruptcy Procedure hold that a properly filed proof of claim is prima facie evidence of a claimant's claim, thus Pacific Premier Bank's senior secured lien of approximately $1,400,000 is deemed valid, yet the Debtor's *DIP*

*Financing Motion* is void of any offer of adequate protection or other relief that will compensate Pacific Premier Bank for the diminution in value by the DIP's proposed Insider's $500,000 priming lien; and

iv)    In addition to the procedurally fatal aspects of the *DIP's Financing Motion*, the relationship between the Debtor and its now sole shareholder and proposed DIP Lender, SPAC Holdings I, LLC, raises various "red flags" that both shows the Debtor and SPAC Holdings I, LLC are not proceeding based on "good faith," but rather an intent to disingenuously strip the Debtor of all legitimate debt, both secured and unsecured, notwithstanding the substantial going concern value of the Debtor, an objective the Court should additionally consider when denying the Debtor's procedurally defective *DIP Financing Motion*.

Consequently, for the reasons detailed herein, the Debtor's senior secured lender, Pacific Premier Bank, respectfully requests that the Court deny in its entirety the Debtor's *DIP Financing Motion*. Certainly, Pacific Premier Bank does not want the Debtor's business operations to fail, but on the other hand, the DIP's proposed Insider Loan of up to $500,000 that is intended to completely prime Pacific Premier Bank's senior lien position is certainly not the proper and equitable method by which the Debtor should be able to solve its alleged cash flow problems.

**Dated:  March 25, 2025**                    **POLIS & ASSOCIATES, APLC**


                                      **By:   /s/ Thomas J. Polis**
                                         **Thomas J. Polis, Esq.**
                                       **Counsel for Senior Secured Creditor,**
                                       **Pacific Premier Bank**

**I.**

**PACIFIC PREMIER BANK'S POINTS AND AUTHORITIES RE: OPPOSITION TO**

**DEBTOR'S DIP FINANCING MOTION**

**A.    The Debtor And Its Proposed Insider DIP Lender Have Failed To Meet Their Burden Of Proof Under Section 364(d)(2) Of The Bankruptcy Code To Show That Senior Secured Lender Pacific Premier Bank's Claim Will Be Adequately Protected Despite The Proposed $500,000 Priming Lien**

Section 364(d)(2) of the Bankruptcy Code provides in part:

> (d)   (1) <u>The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if</u>--
>
> > (A)   <u>the trustee is unable to obtain such credit otherwise</u>; and
> > (B)   <u>there is adequate protection of the interest of the holder of the lien on the property of the estate on which senior or equal lien is proposed to be granted.</u>
>
> > (2)  <u>In any hearing under this subsection, the trustee has the burden of proof on the issue of adequate protection.</u> (Emphasis added.)

*See*, generally, *In re Arnold & Baker*, 85 F.3d 1415, 1423 (9th Cir. 1996) (Ninth Circuit Court of Appeals reaffirmed that in the context of a priming lien under Section 364(d) of the Bankruptcy Code indubitable equivalence mean ". . .too evident to be doubted. . ." *See*, also, *In re Arnold & Baker Farms*, 177 B.R. 648 (9th Cir. BAP 1994).

Despite the express requirements of Section 364(d) of the Bankruptcy Code, the Debtor's *DIP Financing Motion* is completely void of any admissible declaration testimony that that adequate protection is being offered to presently existing senior secured lender Pacific Premier Bank on account of its approximate $1,400,000 secured lien.   The Debtor's President/CEO, presumably dictated by the Insider DIP Lender, SPAC Holdings, I, LLC, in his largely inadmissible Declaration (*See*, ECF Nos. 69/75 at pg. 11-13) does not attempt to show any offer of adequate protection or otherwise what compensation is being offered for the diminution in Pacific Premier Bank's senior secured position.   Furthermore, the Debtor's principal's essentially inadmissible Declaration fails to testify with any specificity as to the unavailability to obtain financing on less onerous terms other than the general hearsay statement ". . .I have and have confirmed such financial institutions would absolutely not

provide the Debtor. . ."  No information in the form of admissible declaration testimony about what financial institutions the Debtor's president connected with?  What terms were proposed by the unrelated third-party lenders?  And other relevant pertinent facts as compelled for under Sections 364(d)(1) and 364(d)(2) of the Bankruptcy Code.  Rather, the largely inadmissible self-serving statements by the Debtor/Lender's principal, Scott Holland are clearly biased.

Consequently, since the Debtor's *DIP Financing Motion* completely fails to comply with Section 364(d) to include any admissible declaration testimony concerning adequate protection offered to presently existing senior secured lender, Pacific Premier Bank, on the present record, it is respectfully submitted that the Court deny the Debtor's *DIP Financing Motion*.

**B.**    **The Debtor's Fatally Deficient DIP Financing Motion Fails To Make Any Offer Of Adequate Protection As Defined in Section 361 Of The Bankruptcy Code To Existing Senior Secured Lender Pacific Premier Bank**

Section 361 of the Bankruptcy Code provides:

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1)    requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2)    providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3)    granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property. (Emphasis added.)

*See*, *Arnold & Baker*, 85 F.3d 1415 (9th Cir. 1996).

Despite the Debtor's clear statutory obligation under Section 364(d)(1) of the Bankruptcy Code to provide adequate protection to presently existing senior secured lender Pacific Premier Bank on account of its approximate $1,400,000 lien, the Debtor's DIP

1   *Financing Motion* (ECF Nos. 69/75) is completely void of any such offer of adequate protection

2   to Pacific Premier Bank.  Specifically, as spelled out in Section 361 of the Bankruptcy Code,

3   the Debtor has not offered any periodic payments to Pacific Premier Bank, no such offer of an

4   additional replacement lien has been offered to Pacific Premier Bank, and finally Pacific

5   Premier Bank has not been offered an administrative claim for any diminution in value of its

6   presently existing senior secured claim.  The Debtor's *DIP Financing Motion* is facially

7   defective and should be denied by the Court.

8       This additional fatal flaw is yet another reason why it is respectfully requested that the

9   Court deny in its entirety, the Debtor's fatally deficient *DIP Financing Motion*.

10

11  **C.    The Combined Effect of Section 502 of The Bankruptcy Code Along With Rule
    3001(f) of the Federal Rules of Bankruptcy Collectively Hold That a Properly Filed
    Proof of Claim Is Presumptively Valid, Thus In This Case Senior Secured Creditor
    Pacific Premier Bank's Properly Filed Proof of Claim for Approximately
    $1,400,000 Needs to be Adequately Protected as Required Under Section 364(d)
    of the Bankruptcy Code**

12

13

14  Section 502 of the Bankruptcy Code provides in part:

15  § 502. Allowance of claims or interests

16  (a)    <u>A claim of interest, proof of which is filed under section 501 of this title,
    is deemed allowed</u>, unless a party in interest, including a creditor of a general
    partner in a partnership that is a debtor in a case under chapter 7 of this title,
    objects.  (Emphasis added.)

17

18

19  *See*, generally, *In re Medina*, 205 B.R. 216, 222 (B.A.P. 9th Cir. 1996).  The objecting

20  party must provide "sufficient evidence and 'show facts tending to defeat the claim by

21  probative force equal to that of the allegations of the proofs of claim themselves.'"  *Lundell v.*

22  *Anchor Contr. Specialists, Inc.,* 223 F.3d 1035, 1039 (9th Cir. 2000) (quoting *In re Holm*, 931

23  F.2d 620, 623 (9th Cir. 1991)).  "If the objector produces sufficient evidence to negate one or

24  more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the

25  validity of the claim by a preponderance of the evidence."  *Id*. (quoting *Ashford v. Consol.*

26  *Pioneer. Mortg.* (*In re Consol. Pioneer Mortg.*), 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995)).

27  ///

28  ///

1

Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides:

2

3

**(f)    Proof of Claim as Prima Facie Evidence of a Claim and Its Amount**.  <u>A proof of claim signed and filed in accordance with these rules is prima facie evidence of the claim's validity and amount</u>.  (Emphasis added.)

4

5

6

7

8

9

10

11

12

13

14

15

16

Consequently, in this case, Senior Secured Creditor, Pacific Premier Bank holds an allowed senior claim for approximately $1,400,000.  The Debtor's *DIP Financing Motion* with its 100% sole shareholder, SPAC Holding I, LLC has not attempted in any manner to provide any means of "adequate protection" as a result of the Insider Priming Loan of $500,000 that will no doubt severely hamper Senior Secured Creditor Pacific Premier Bank's existing collateral base.  No doubt the Debtor and its Insider Lender will attempt to assert that Pacific Premier Bank's collateral is not the case.  As clearly detailed in the various Commercial Security Agreements between the Debtor and Pacific Premier Bank, Senior Secured Creditor's collateral includes all of the Debtor's "going concern value," including the proceeds generated by the Debtor's existing and highly valuable government defense contractor clearances and contractual relationships. However, the Debtor's proposed Insider $500,000 Priming Lien is attempting to jump ahead of Pacific Premier Bank without a scintilla of proof of adequate protection for Senior Secured Creditor, Pacific Premier Bank.

17

18

19

20

21

**D.    <u>In Addition to the Procedurally Defective Aspects of the Debtor's DIP Financing Motion Re: Insider $500,000 Priming Loan, The Court Should Likewise Consider The Other Aspects of the Debtor's Bad Faith Both Before and After The Debtor's February 2025 Petition Date</u>**

22

23

24

25

26

27

28

Senior Secured Creditor Pacific Premier Bank believes that the Court should likewise consider the Debtor and its "recently on the scene" 100% sole shareholder, and proposed $500,000 priming lender, SPAC Holdings, I, LLC ("SPAC Holdings") reeks of bad faith attempt to essentially strip the Debtor of all legitimate pre-petition debt and allow SPAC Holdings to acquire the Debtor and its substantial going concern value for essentially no dollars, except for proposed $500,000 Insider Priming Lien.  A brief history for the Court as to the Debtor's and SPAC Holdings' bad faith include the following timeline of questionable transactions:

i)  SPAC Holdings' counsel and/or insider, David Oberg, a sophisticated bankruptcy lawyer made numerous representations to Pacific Premier Bank's counsel in October and November 2024 that the Debtor had backlog of contracts in the range of $3,400,000; yet when the Debtor filed its Chapter 11 Petition in early February 2025, the Debtor showed essentially no outstanding accounts receivable, thus serious questions need to be asked what happened to the Debtor's $3,400,000 in alleged backlog orders;

ii)  The Debtor's principals and obvious related party, if not the same people keep perpetuating a narrative that the Debtor's former principal Mr. Zanetti, mispresented the Debtor's past financial performance, yet what did SPAC Holdings think it was acquiring when it paid zero dollars in October/November 2024 when it acquired all of the Debtor's stock;

iii)  It completely defies logic for SPAC Holdings, whose principal is a sophisticated bankruptcy counsel can continue to push the narrative that SPAC Holdings was "duped" by the Debtor's former principal as to the Debtor's actual performance, when clearly if that was the case, any sophisticated business bankruptcy lawyer would have completed a certain level of pre-acquisition due diligence to determine what exactly it was acquiring; and

iv)  On the one hand the Debtor is not paying its current rent for its business premises, and it further appears that no rent has been paid for the Debtor's business premises since October 2024 (*See, Motion to Reject Lease*, ECF No. 59, a copy is enclosed with Movant's *Request for Judicial Notice*), coincidentally about the same time Insider/post-Petition Lender, SPAC Holdings, acquired 100% of the Debtor's shares for zero dollars, but it also was recently discovered that SPAC Holdings (the Debtor's 100% sole shareholder as of October 2024) is renting the business premises adjacent to the Debtor's existing business premise and paying rent.

///

8

1    Overall, the itemized facts maybe in isolation don't mean anything, but when

2    considered in totality, and how the Debtor is painting a "doom and gloom" scenario, yet its

3    100% sole shareholder wants to loan $500,000 of new senior debt, thereby essentially striping

4    present Senior Secured Creditor, Pacific Premier Bank, should be looked at as clearly not

5    exhibiting good faith as required in every Chapter 11 case.

6    **II.**

7    **CONCLUSION**

8    For the reasons detailed herein, Senior Secured Creditor, Pacific Premier Bank

9    respectfully requests that the Court deny in its entirety the Debtor's *DIP Financing Motion*.

10    The Debtor's *Motion* is void of any compliance with Sections 361 and 364(d) of the Bankruptcy

11    Code. Finally, not only is the Debtor's *DIP Financing Motion* procedurally fatally defective, but

12    also when considered with the facts leading up to the Debtor's February 2025 Petition Date,

13    the Debtor, its Insider and proposed post-petition lender SPAC Holdings, it is respectfully

14    submitted that the entire transaction reeks with bad faith.

15

16    **Dated:  March 25, 2025**                    **POLIS & ASSOCIATES, APLC**

17

18                                         **By:   /s/ Thomas J. Polis_____**
                                              **Thomas J. Polis, Esq.**
19                                         **Counsel for Senior Secured Creditor,**
                                              **Pacific Premier Bank**
20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **POLIS & ASSOCIATES, 19800 MacArthur Boulevard, Suite 1000, Irvine, California  92612-2433**

A true and correct copy of the foregoing document **SENIOR SECURED CREDITOR PACIFIC PREMIER BANK'S OPPOSITION TO DEBTOR'S DIP FINANCING MOTION (ECF NOS. 69/75)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **March 25, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached

☒    Service information continued on attached page

**2.  SERVED BY U.S. MAIL:**
On **March 25, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor, Spearman Aerospace, 9215 Greenleaf Ave., Santa Fe Springs, CA 90670

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on. **,  2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be completed</u> no later than 24 hours after the document is filed.

%

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| March 25, 2025 | Cristina Allen | /s/ Cristina Allen |
| *Date* | *Type Name* | *Signature* |

# PROOF OF SERVICE CONTINUED PAGE

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Karen L Belair**    kbelair@zwickerpc.com
- **David A Berkley**    david.berkley@wbd-us.com, mary.koo@wbd-us.com;Sul.Lee@wbd-us.com
- **M Douglas Flahaut**    df@echoparklegal.com
- **Robert Paul Goe (TR)**    bktrustee@goeforlaw.com, kwareh@goeforlaw.com;
  bkadmin@goeforlaw.com; C187@ecfcbis.com;kmurphy@goeforlaw.com;rgoe@goeforlaw.com
- **Arnold L Graff**    agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **Sean A OKeefe**    sokeefe@okeefelc.com, seanaokeefe@msn.com
- **David L Oberg**    david@oberglawapc.com
- **Madison B Oberg**    madison@oberglawapc.com
- **Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Amitkumar Sharma**    amit.sharma@aisinfo.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Dylan J Yamamoto**    dylan@echoparklegal.com