1  M. Douglas Flahaut (SBN 245558)
   Dylan J. Yamamoto (SBN 324601)
2  **ECHO PARK LEGAL, APC**
   2210 Sunset Blvd., 301
3  Los Angeles, CA  90026
   Telephone:    310.709.0658
4  Email:  df@echoparklegal.com
          dylan@echoparklegal.com
5  Counsel for Debtor and Debtor-in-Possession
   Spearman Aerospace, Inc.
6

7

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11               **LOS ANGELES DIVISION**

12  In re                                    |  Case No. 2:25-bk-10917-DS

13  **Spearman Aerospace, Inc.**
                                                Chapter 11, Subchapter V
14             Debtor and Debtor-in-Possession

15                                            **DEBTOR'S RESPONSE TO PACIFIC
                                             PREMIER BANK'S EVIDENTIARY
16                                           OBJECTIONS TO SCOTT HOLLAND'S
                                             DECLARATION RE DEBTOR'S DIP
17                                           FINANCING MOTION**

18

19                                           **Hearing:**

20                                           **Date:** April 8, 2025
                                             **Time:** 1:00 p.m.
21                                           **Location:**
                                             Courtroom 1639
22                                           255 East Temple
                                             Los Angeles, CA 90012
23

24

25

26

27

28

**TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE AND ALL PARTIES IN INTEREST:**

Spearman Aerospace, Inc, as debtor and debtor-in-possession in the above-captioned chapter 11 case ("Debtor") submits its response to the *Evidentiary Objections to the Declaration of Scott Holland Re: Debtor's DIP Financing Motion* [Dkt. No. 86] ("Evidentiary Objections") filed by Pacific Premier Bank ("PPB") to the declaration of Declarant Scott Holland (the "Holland Declaration") in support of the Debtor's *Emergency Motion for Order Authorizing the Debtor to Obtain Post-Petition Loan* [Dkt. No. 69] (the "Motion").[1]

| | Statement | PPB's Evidentiary Objection | Debtor's Response |
|---|---|---|---|
| 1. | P. 11, lines 10-12:<br><br>"I have carefully reviewed the Debtor's cash needs to maintain its operations and thereby preserve value for the estate and have carefully evaluated all possible ways to conserve cash while still operating and maintaining revenue." | **FRE 601 & 602 – Lack of Personal, Knowledge** – Declarant does not lay the foundation as to how he has any personal knowledge for this general statement. Specifically, Pacific Premier Bank is informed that Declarant has only recently become associated with the Debtor, thus additional foundational information is certainly necessary to provide a foundation for Declarant's personal knowledge. Further, it certainly appears the Declarant is biased since the Declarant is associated with both the Debtor/Borrower and the Lender, the Debtor's 100% sole shareholder. | FRE 601 provides that every witness is competent to be a witness unless the rules provide otherwise. FRE 602 provides that a witness may testify to a matter if the evidence supports a finding that he has personal knowledge of it.<br><br>Here, Declarant has provided sufficient foundation as to his personal knowledge for the statement. Declarant's position as the President and CEO of the Debtor provides him with direct access to relevant financial and operational information for the Debtor. Moreover, Declarant assisted with the preparation of the cash collateral budget and monthly operating report filed with this Court. Such information, which Declarant testifies having reviewed, supports Declarant's testimony. Declarant, on p. 11, lines 5-6 of his Declaration, states that his testimony is based on his discussions with |

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

| | | | |
|---|---|---|---|
| | | | "management, attorneys, and/or employees of the Debtor."  Thus, PPB has not demonstrated a sufficient basis to disqualify Declarant's testimony.  Furthermore, courts recognize that the potential bias of a witness affects the weight given to such testimony, rather than its admissibility.  *United States v. Moore*, 580 F.2d 360, 364 (9th Cir. 1978). |
| 2. | P. 11, lines 12-14:  "After this analysis, I believe that the Debtor will require additional DIP funding to maintain the Debtor's operations through the confirmation of a plan of reorganization and potentially to consummate its plan of reorganization." | **FRE 601 & 602 – Lack of Personal, Knowledge** – Declarant does not lay the foundation as to how he has any personal knowledge for this general statement.  Specifically, Pacific Premier Bank is informed that Declarant has only recently become associated with the Debtor, thus additional foundational information is certainly necessary to provide a foundation for Declarant's personal knowledge.  Further, it certainly appears the Declarant is biased since the Declarant is associated with both the Debtor/Borrower and the Lender, the Debtor's 100% sole shareholder. | FRE 601 provides that every witness is competent to be a witness unless the rules provide otherwise.  FRE 602 provides that a witness may testify to a matter if the evidence supports a finding that he has personal knowledge of it.  Here, Declarant has provided sufficient foundation as to his personal knowledge for the statement.  Declarant's position as the President and CEO of the Debtor provides him with direct access to relevant financial and operational information for the Debtor. Moreover, Declarant assisted with the preparation of the cash collateral budget and monthly operating report filed with this Court.  Such information, which Declarant testifies having reviewed, supports Declarant's testimony.  Declarant, on p. 11, lines 5-6 of his Declaration, states that his testimony is based on his discussions with "management, attorneys, and/or employees of the Debtor."  Declarant, on p. 11, lines 10-12 of his Declaration, states that he carefully reviewed the Debtor's cash needs and has "evaluated all possible way to conserve cash while still |

| | | | |
|---|---|---|---|
| | | | operating and maintaining revenue." Thus, PPB has not demonstrated a sufficient basis to disqualify Declarant's testimony. Furthermore, courts recognize that the potential bias of a witness affects the weight given to such testimony, rather than its admissibility. *United States v. Moore*, 580 F.2d 360, 364 (9th Cir. 1978). |
| 3. | P. 11, lines 14-16:<br><br>"Without such additional funding, I believe the value of the Debtor is likely to decrease significantly, thereby harming all creditors and interest holders." | **FRE 601 & 602 – Lack of Personal, Knowledge** – Declarant does not lay the foundation as to how he has any personal knowledge for this general statement. Specifically, Pacific Premier Bank is informed that Declarant has only recently become associated with the Debtor, thus additional foundational information is certainly necessary to provide a foundation for Declarant's personal knowledge. Further, it certainly appears the Declarant is biased since the Declarant is associated with both the Debtor/Borrower and the Lender, the Debtor's 100% sole shareholder. | FRE 601 provides that every witness is competent to be a witness unless the rules provide otherwise. FRE 602 provides that a witness may testify to a matter if the evidence supports a finding that he has personal knowledge of it.<br><br>Here, Declarant has provided sufficient foundation as to his personal knowledge for the statement. Declarant's position as the President and CEO of the Debtor provides him with direct access to relevant financial and operational information for the Debtor. Moreover, Declarant assisted with the preparation of the cash collateral budget and monthly operating report filed with this Court. Such information, which Declarant testifies having reviewed, supports Declarant's testimony. Declarant, on p. 11, lines 5-6 of his Declaration, states that his testimony is based on his discussions with "management, attorneys, and/or employees of the Debtor." Thus, PPB has not demonstrated a sufficient basis to disqualify Declarant's testimony. Furthermore, courts recognize that the potential bias of a witness affects the weight given to such testimony, |

| | | | rather than its admissibility. *United States v. Moore*, 580 F.2d 360, 364 (9th Cir. 1978). |
|---|---|---|---|
| 4. | P. 11, lines 16-18:<br><br>"More specifically, the DIP Loan will allow the Debtor to continue to operate and confirm a plan of reorganization, which will pay creditors the projected disposable income of the Detor over three years." | **FRE 601 & 602 – Lack of Personal, Knowledge** – Declarant does not lay the foundation as to how he has any personal knowledge for this general statement. Specifically, Pacific Premier Bank is informed that Declarant has only recently become associated with the Debtor, thus additional foundational information is certainly necessary to provide a foundation for Declarant's personal knowledge. Further, it certainly appears the Declarant is biased since the Declarant is associated with both the Debtor/Borrower and the Lender, the Debtor's 100% sole shareholder.<br><br>**FRE 701 & 702 – Expert Testimony By A Lay Witness –** Declarant has not shown how he has experience or other expertise to testify as what's needed to confirm a Chapter 11 Plan of Reorganization. | FRE 601 provides that every witness is competent to be a witness unless the rules provide otherwise.  FRE 602 provides that a witness may testify to a matter if the evidence supports a finding that he has personal knowledge of it.<br><br>Here, Declarant has provided sufficient foundation as to his personal knowledge for the statement.  Declarant's position as the President and CEO of the Debtor provides him with direct access to relevant financial and operational information for the Debtor. Moreover, Declarant assisted with the preparation of the cash collateral budget and monthly operating report filed with this Court.  Such information, which Declarant testifies having reviewed, supports Declarant's testimony. Declarant, on p. 11, lines 5-6 of his Declaration, states that his testimony is based on his discussions with "management, attorneys, and/or employees of the Debtor."  Thus, PPB has not demonstrated a sufficient basis to disqualify Declarant's testimony. Furthermore, courts recognize that the potential bias of a witness affects the weight given to such testimony, rather than its admissibility. *United States v. Moore*, 580 F.2d 360, 364 (9th Cir. 1978). |
| 5. | P. 11, lines 18-20:<br><br>"If, however, the Debtor cannot continue to operate and converts to | **FRE 601 & 602 – Lack of Personal, Knowledge** – Declarant does not lay the foundation as to how he has any personal knowledge for | FRE 601 provides that every witness is competent to be a witness unless the rules provide otherwise.  FRE 602 provides that a witness may |

| | | |
|---|---|---|
| chapter 7 unsecured creditors (including the deficiency claims of purported secured creditors' above the value of the collateral) are expected to receive nothing." | this general statement. Specifically, Pacific Premier Bank is informed that Declarant has only recently become associated with the Debtor, thus additional foundational information is certainly necessary to provide a foundation for Declarant's personal knowledge. Further, it certainly appears the Declarant is biased since the Declarant is associated with both the Debtor/Borrower and the Lender, the Debtor's 100% sole shareholder.<br><br>**FRE 701 & 702 – Expert Testimony By A Lay Witness –** Declarant has not shown how he has experience or other expertise to testify as what's needed to confirm a Chapter 11 Plan of Reorganization | testify to a matter if the evidence supports a finding that he has personal knowledge of it.<br><br>Here, Declarant has provided sufficient foundation as to his personal knowledge for the statement. Declarant's position as the President and CEO of the Debtor provides him with direct access to relevant financial and operational information for the Debtor. Moreover, Declarant assisted with the preparation of the cash collateral budget and monthly operating report filed with this Court. Such information, which Declarant testifies having reviewed, supports Declarant's testimony. Declarant, on p. 11, lines 5-6 of his Declaration, states that his testimony is based on his discussions with "management, attorneys, and/or employees of the Debtor." Thus, PPB has not demonstrated a sufficient basis to disqualify Declarant's testimony. Furthermore, courts recognize that the potential bias of a witness affects the weight given to such testimony, rather than its admissibility. *United States v. Moore*, 580 F.2d 360, 364 (9th Cir. 1978).<br><br>FRE 701 permits testimony that is rationally based on the witnesses' perception, helpful to understanding the witness's testimony or to determining a fact in issue, and not based on scientific, technical, or specialized knowledge. FRE 702 pertains to expert witness testimony that is based on specific scientific, technical or other specialized knowledge. |

| | | | |
|---|---|---|---|
| | | | Here, Declarant is not testifying as a specialized expert witness, but merely based on his own rational perception. Declarant notes in his declaration that his testimony is based on his discussions with "management, attorneys, and/or employees of the Debtor" and also that he has carefully reviewed the Debtor's cash needs and performed an analysis based on his position as the Debtor's President and CEO. |
| 6. | P. 13, lines 6-9:<br><br>"I am experienced in the aerospace manufacturing business, and I have reached out to banking relationships that I have and have confirmed such financial institutions would absolutely not provide the Debtor with either (i) junior secured post-petition financing (i.e., financing secured by a lien junior to all existing liens), or (ii) unsecured post-petition financing." | **FRE 801 & 802 – Hearsay –** Declarant is attempting to testify about out of court statements offered for the truth of the matters asserted, thus these statements are inadmissible hearsay statements. | FRE 701 permits testimony that is rationally based on the witnesses' perception, helpful to understanding the witness's testimony or to determining a fact in issue, and not based on scientific, technical, or specialized knowledge.<br><br>Here, Declarant's statement is not hearsay because he is not offering the testimony of others for the truth of the matter they said. Rather, Declarant is testifying as to how he reached a conclusion as to the merits of the DIP Loan. Declarant notes in his declaration that his testimony is based on his discussions with "management, attorneys, and/or employees of the Debtor" and also that he has carefully reviewed the Debtor's cash needs and performed an analysis based on his position as the Debtor's President and CEO, as well as his conversations with banking contacts. This is the Declarant's opinion testimony as a lay witness and permitted by FRE 701. |
| 7. | P. 13, lines 9-12: | **FRE 801 & 802 – Hearsay –** Declarant is attempting to | FRE 701 permits testimony that is rationally based on the |

| | | |
|---|---|---|
| "As such, based on my experience and the discussions I had above, I believe the DIP Loan (including its very favorable interest and payment terms) is at least as favorable or more favorable than the Debtor could timely get from any third-party lender not affiliated with the Debtor." | testify about out of court statements offered for the truth of the matters asserted, thus these statements are inadmissible hearsay statements. | witnesses' perception, helpful to understanding the witness's testimony or to determining a fact in issue, and not based on scientific, technical, or specialized knowledge.<br><br>Here, Declarant's statement is not hearsay because it is not being offered for the truth of the matters asserted by any third party.  Rather, Declarant is testifying as what his conclusion and opinion is and how he reached that conclusion regarding the merits of the DIP Loan. Declarant notes in his declaration that his testimony is based on his discussions with "management, attorneys, and/or employees of the Debtor" and also that he has carefully reviewed the Debtor's cash needs and performed an analysis based on his position as the Debtor's President and CEO, as well as his conversations with banking contacts.  This is the Declarant's opinion testimony as a lay witness and permitted by FRE 701. |

DATED: April 1, 2025

ECHO PARK LEGAL, APC

/s/ M. Douglas Flahaut.

Counsel for Debtor and Debtor-in-Possession
Spearman Aerospace, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Echo Park Legal, APC, 2210 W Sunset Blvd. #301, Los Angeles, CA 90026.

A true and correct copy of the foregoing document entitled (*specify*): DEBTOR'S RESPONSE TO PACIFIC PREMIER BANK'S EVIDENTIARY OBJECTIONS TO SCOTT HOLLAND'S DECLARATION RE DEBTOR'S DIP FINANCING MOTION will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 4/1/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Karen L Belair**    kbelair@zwickerpc.com
- **David A Berkley**    david.berkley@wbd-us.com, mary.koo@wbd-us.com;Sul.Lee@wbd-us.com
- **M Douglas Flahaut**    df@echoparklegal.com
- **Robert Paul Goe (TR)**    bktrustee@goeforlaw.com, kwareh@goeforlaw.com;bkadmin@goeforlaw.com;C187@ecfcbis.com;kmurphy@goeforlaw.com;rgoe@goeforlaw.com
- **Arnold L Graff**    agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **Sean A OKeefe**    sokeefe@okeefelc.com, seanaokeefe@msn.com
- **David L Oberg**    david@oberglawapc.com
- **Madison B Oberg**    madison@oberglawapc.com
- **Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Amitkumar Sharma**    amit.sharma@aisinfo.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Dylan J Yamamoto**    dylan@echoparklegal.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:

On (date_), 2025, I *caused to be* served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method <u>for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/1/2025 | M. Douglas Flahaut | /s/ M. Douglas Flahaut |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.