Thomas J. Polis, Esq. (SBN 119326)
**POLIS & ASSOCIATES, APLC**
19800 MacArthur Blvd., Suite 1000
Irvine, California 92612
Telephone: (949) 862-0040; Facsimile: (949) 862-0041
Email: tom@polis-law.com

Counsel for Senior Secured Creditor, Pacific Premier Bank

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| **In re**<br><br>**Spearman Aerospace, Inc.,**<br><br>Debtor. | Case No.: 2:25-bk-10917-DS<br><br>Chapter 11<br><br>**SENIOR SECURED CREDITOR PACIFIC PREMIER BANK'S OPPOSITION TO DEBTOR'S VALUATION MOTION (ECF NO. 90)**<br><br>[Evidentiary Objections and Declaration Filed and Served Concurrenlty Herewith]<br><br><u>Hearing</u>:<br>Date:  April 22, 2025<br>Time: 1:00 p.m.<br>Ctrm: 1639, 16th Floor<br>         US Bankruptcy Court<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

**TO THE HONORABLE DEBORAH J. SALTZMAN, U.S. BANKRUPTCY JUDGE; THE DEBTOR AND ITS COUNSEL OF RECORD; THE DEBTOR'S SUBCHAPTER V TRUSTEE; AND OTHER PARTIES ENTITLED TO NOTICE:**

Senior Secured Creditor, Pacific Premier Bank ("Pacific Premier Bank"), submits the following *Opposition Re: Debtor's Valuation Motion* (ECF Nos. 90) ("*Valuation Motion*"). As detailed herein and supported by competent admissible declaration testimony, Pacific Premier Bank respectively requests the Court either deny the Debtor's *Valuation Motion*, or adopt the values that

1

Pacific Premier Bank's Valuation Expert, Brian Testo ascribes to the Debtor's machinery, equipment and other personal property located at the Debtor's business premises.

Pacific Premier Bank's primary objections to the Debtor's *Valuation Motion* are the following:

i) The Debtor's Equipment Appraisal Report failed to accurately value the Debtor's machinery and equipment by not valuing the machinery and equipment with a "going concern" method, but rather the Debtor's valuation is focused on a liquidation mode, thereby substantially undercutting the true value of the Debtor's machinery despite the Debtor intends to reorganize as a going concern and not liquidate its assets;

ii) The Debtor's Equipment Appraisal Report only included 16 (sixteen) categories of equipment and machinery, yet Pacific Premier Bank's Appraiser's Report had 31 (thirty-one) categories of documents, yet there is no explanation by the Debtor as to why its Valuation Report was lacking in such detail; and

iii) As noted by a similar secured creditor's objection to the Debtor's *Valuation Motion* (*See*, ECF No. 102 filed by Siemens Financial Services) the Debtor's *Valuation Motion* is procedurally deficient in that the Debtor cannot cutoff a secured creditor's claim without commencing an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure.

Consequently, for the reasons outlined herein, and supported by competent admissible declaration testimony, Senior Secured Creditor, Pacific Premier Bank, respectfully requests that the Court either deny the Debtor's *Valuation Motion*, or more appropriately adopt the "going concern" valuation opined by Pacific Premier Bank's Valuation Expert, Brian Testo.

**Dated:  April 8, 2025**                     **POLIS & ASSOCIATES, APLC**

                                                            **By:  /s/ Thomas J. Polis**
                                                                  **Thomas J. Polis, Esq.**
                                                                  **Counsel for Senior Secured Creditor,**
                                                                  **Pacific Premier Bank**

# I.

## PACIFIC PREMIER BANK'S POINTS AND AUTHORITIES RE: OPPOSITION TO DEBTOR'S VALUATION MOTION

**A.    The Debtor's Valuation Report Completely Fails To Utilize A Going Concern Value, Which Would Have Been Completely Appropriate In This Case**

Section 506(a) of the Bankruptcy Code provides in part:

> § 506 Determination of secured status.
>
> . . .such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. (Emphasis added.)

*See*, generally, *Associates Commercial Corp. v. Rash*, 117 S. Ct. (1997) (U.S. Supreme Court refined that valuation for purposes under Section 506(a) is dependent on the debtor's use and/or disposition of the collateral); *Taffi v. United States* (*In re Taffi*), 86 F.3d 1190 (9th Cir. 1996) (Ninth Circuit Court of Appeals confirmed that collateral retained by the debtor shall be valued at fair market value and not liquidation value).

In the present case, the Debtor's March 2025 Maynards' Valuation Report focused on a liquidation value and completely failed to address what a going valuation would be for the Debtor's machinery and equipment.  Sunce the Debtor's February 2025 Petition Date, the Debtor's representatives have made it clear the Debtor will be proposing an "earn out" Chapter 11 Plan, whereby the Debtor will remain in business.  At no time has the Debtor suggested that it intends to liquidate, but rather the Debtor's counsel has represented to the Court that it intends to propose either a three-year or five-year plan.  Consequently, the Debtor's March 2025 Appraisal Report is fatally deficient and should be completely disregarded by the Court.

Secondly, as highlighted by Pacific Premier Bank, the Debtor's March 2025 Maynards' Appraisal Report only includes 16 (sixteen) categories of machinery and equipment, while Pacific Premier Bank's April 2025 (as updated from the July 2024 in-person valuation), includes 31 (thirty-one) categories of machinery and equipment.  Neither the Debtor's Schedules nor Statement of Financial Affairs reflect the Debtor disposed of 15 (fifteen) categories of machinery and equipment.  Consequently, there is no explanation by the Debtor

or its Valuation Expert why 15 (fifteen) categories of items were simply eliminated from the Debtor's Valuation Chart.

Finally, utilizing the proper "going concern" value, the Debtor's machinery and equipment in which Pacific Premier Bank holds the senior secured lien the going concern value total is $627,500.00.[1] However, the Debtor needs to commence an adversary proceeding to properly vet the valuation as required by Rule 7001 of the Federal Rules of Bankruptcy Procedure.

Consequently, as a result of Senior Secured Creditor, Pacific Premier Bank's April 2025 Valuation Report, that accurately considered the "going concern" value, rather than the liquidation value, it is respectfully submitted that the Court set an aggregate value of $2,666,500 as detailed in the Brian Testo April 2025 Valuation Report.

**B.    The Debtor's Valuation Motion Fails To Comply With Rule 7001 Of The Federal Rules Of Bankruptcy Procedure**

Finally, the Debtor's *Valuation Motion* attempts to improperly jump over the procedural safeguards provided for under Rule 7001 of the Federal Rules of Bankruptcy Procedure. Specifically, Rule 7001(b) provides:

> Rule 7001.  Types of Adversary Proceeding
>
> . . .the following are adversary proceedings:
>
> (b) a proceeding to determine the validity, priority or extend of a lien or other interest in property – except a proceeding under Rule 3012 or Rule 4003(d). (Emphasis added.)

Consequently, at this point of the Debtor's Chapter 11 case, neither the Debtor nor any other party in interest has commenced an adversary proceeding to ". . .determine the validity, priority or extent of a lien. . . Thus, to the extent the Debtor's *Valuation Motion* attempts to adjust rights of Pacific Premier Bank's senior secured lien, only the commencement of an adversary proceeding will resolve such claims.

---

[1] This figure does not include other intangible assets owned by the Debtor and covered by Pacific Premier Bank's senior secured interest.

**II.**

**CONCLUSION**

For the reasons detailed herein, Senior Secured Creditor, Pacific Premier Bank respectfully requests that the Court deny the Debtor's procedurally and substantively deficient *Valuation Motion*, or in the alternative adopt the values detailed in the April 2025 Valuation Report prepared by Brian Testo.

**Dated: April 8, 2025**                                      **POLIS & ASSOCIATES, APLC**

                                              **By:   /s/ Thomas J. Polis**
                                              **Thomas J. Polis, Esq.**
                                              **Counsel for Senior Secured Creditor,**
                                              **Pacific Premier Bank**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **POLIS & ASSOCIATES, 19800 MacArthur Boulevard, Suite 1000, Irvine, California 92612-2433**

A true and correct copy of the foregoing document **SENIOR SECURED CREDITOR PACIFIC PREMIER BANK'S OPPOSITION TO DEBTOR'S VALUATION MOTION (ECF NO. 90)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 8, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached

☒    Service information continued on attached page

**2. SERVED BY U.S. MAIL:**
On **April 8, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor, Spearman Aerospace, 9215 Greenleaf Ave., Santa Fe Springs, CA 90670

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on   ,  **2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

%

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 8, 2025 | Cristina Allen | /s/ Cristina Allen |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

## PROOF OF SERVICE CONTINUED PAGE

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Karen L Belair**   kbelair@zwickerpc.com
- **David A Berkley**   david.berkley@wbd-us.com, mary.koo@wbd-us.com;Sul.Lee@wbd-us.com
- **M Douglas Flahaut**   df@echoparklegal.com
- **Robert Paul Goe (TR)**   bktrustee@goeforlaw.com, kwareh@goeforlaw.com; bkadmin@goeforlaw.com; C187@ecfcbis.com;kmurphy@goeforlaw.com;rgoe@goeforlaw.com
- **Arnold L Graff**   agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
- **Noreen A Madoyan**   Noreen.Madoyan@usdoj.gov
- **Sean A OKeefe**   sokeefe@okeefelc.com, seanaokeefe@msn.com
- **David L Oberg**   david@oberglawapc.com
- **Madison B Oberg**   madison@oberglawapc.com
- **Thomas J Polis**   tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Amitkumar Sharma**   amit.sharma@aisinfo.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Dylan J Yamamoto**   dylan@echoparklegal.com