Debtor Name: Spearman Aerospace, Inc.                                              Case number: 2:25-bk-10917-DS

---

**Fill in this information to identify the case:**

Debtor Name  Spearman Aerospace, Inc.

United States Bankruptcy Court for the Central District of California

Case number: 2-25-bk-10917-DS

---

❑  Check if this is an amended filing

## Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11          02/20

## Spearman Aerospace's Plan of Reorganization, Dated April 22, 2025

### A. Description and History of the Debtor's Business

Spearman Aerospace, Inc. ("Debtor") is a California corporation. SPAC Holdings I, LLC ("Current Owner") owns 100% of the issued and outstanding stock of the Debtor.  The Debtor has approximately nine employees and its principal assets consist of high-end CNC milling machines and metal working equipment.

The Debtor is in the business of making specialized aerospace parts and components out of steel, aluminum, titanium and other metals for both commercial and military applications. The components are designed and/or machined in the Debtor's facility in Santa Fe Springs, California and then shipped nationally.

The Debtor's customers include Lockheed, Ducommun, Boeing, and other aerospace companies.  The Debtor specializes in fabricating highly specialized components that are used on aircraft platforms that are classified as being Top Secret and are controlled by the Department of Defense of the United States of America.  The Debtor is ITAR certified and D.O.D cyber security certified as it is required to be a custodian of the technical data essential to fabricating the components it produces.

On October 10, 2024, the Current Owner acquired 100% of the stock of the Debtor from Urio Zanetti and his solely controlled entity Arca Investments, LLC (collectively, "Zanetti").  Since October 10, 2024, the Current Owner has engaged outside legal and financial advisors to reconcile the Debtor's books and records which were previously maintained and controlled exclusively by Zanetti.  Unfortunately, these records were severely deficient and contained multiple omissions and false representations.

On December 24, 2024, the Debtor and the Current Owner filed a lawsuit against Zanetti for Fraudulent Concealment, Intentional Misrepresentation, and other causes of action related to, among other things, the omissions and false representations discussed above.  That action is currently pending in the Los Angeles County Superior Court as Case No. 24STCV34051 ("Zanetti Action").

In order to comprehensively address its cash flow issues, prepare accurate financial records, and maximize the value of its business operations for the benefit of all creditors and interest holders, the Debtor made the difficult decision to seek bankruptcy relief. On February 6, 2025, the Debtor filed a voluntary petition under Chapter 11, Subchapter V, of the Bankruptcy Code.

Through this Plan the Debtor seeks to reorganize all of its debts and emerge from bankruptcy as a reorganized debtor.  The Debtor believes that the Plan provides for the maximum recovery for all creditors and interest holders, and that this Plan is far superior to the alternative, which would be the liquidation of the Debtor's assets.

## B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such creditor or equity interest holders would receive in a "hypothetical" chapter 7 liquidation. A complete liquidation analysis is attached to this Plan as **Exhibit 1**.

As provided in **Exhibit 1**, the Debtor believes that secured creditors would, at most, receive the value of their collateral in a hypothetical chapter 7.  The Debtor believes general unsecured creditors would receive nothing in a hypothetical chapter 7 because the Debtor has few, if any, unencumbered assets.  As such, the Debtor believes all creditors stand to receive more under this Plan as they would in a hypothetical chapter 7 liquidation.

## C. Ability to make future plan payments and operate without further reorganization

The Debtor must also show that it will have enough cashflow over the life of the Plan to make the required Plan payments and operate the Debtor's business.  Attached hereto as **Exhibit 2** are the Debtor's financial projections for the life of the Plan.  These projections were prepared carefully based on the Debtor's actual past performance and the best estimates of the Debtor and its advisors regarding expected growth and corresponding expenses over the duration of the Plan.

Exhibit 2 shows that the Debtor's Projected Disposable Income (as defined by § 1191(d) of the Bankruptcy Code) - will be \$109,134.52 for the 60-month period after the Effective Date. The final Plan payment is expected to be paid on the 60th month after the Effective Date.

In addition, pursuant to an Order of the Court entered on April 15, 2025 [Dkt. No. 115] the Current Owner has agreed to provide financing available to the Debtor on an "as needed" basis (the "DIP Financing") and this funding will be used to ensure the Effective Date payments (and other payments required herein) are made.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This is a five-year Plan.  All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.  In summary, the Plan proposes to pay the Debtor's creditors from cash on hand, the Debtor's future income from its ongoing business operations, as well as potential avoidance power actions and the Zanetti Action.  Some claims are unclassified such as administrative claims.  The Plan provides for payment in full of these unclassified claims.

The Plan classifies creditors as follows:

(a)  There is one class of priority claims.  The Plan provides for the full payment of priority claims.

(b)  There are twelve classes of secured claims.  The secured creditors will receive the full payment of their Allowed Secured Claims over 60 months as set forth more fully in Section 4.01 below.

(c)  There is one class of non-priority general unsecured claims.  The holders of Allowed general unsecured claims will receive a pro-rata portion of the Debtor's Projected Disposable Income as provided in Section 4.01 below.  The Debtor estimates holders of Allowed non-priority general unsecured claims will receive between .03 and .08 cents on the dollar, though this is a preliminary estimate only and the Debtor acknowledges actual distributions may be lower or higher than this estimated range depending on what claims are filed and the outcome of claims objections.

(d)  There is one class of equity security holders, who will retain their interest in the reorganized Debtor.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

2.01   **Class 1** ................................ (Unimpaired and not entitled to vote) – All allowed claims entitled to priority under § 507(a) of the Bankruptcy Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02   **Class 2**

Class 2A – (Impaired and potentially entitled to vote[1]) – The Secured Claim of Ally Bank.

Class 2B – (Impaired and potentially entitled to vote – see fn 1) – The Secured Claim, if any, of Altemp Alloys LLC.

Class 2C – (Impaired and potentially entitled to vote – see fn 1) – The Secured Claim, if any, of Fora Financial West, LLC.

Class 2D – (Impaired and potentially entitled to vote – see fn 1) – The Secured Claim, if any, of ODK Capital LLC d/b/a Celtic Capital Corporation.

Class 2E – (Impaired and potentially entitled to vote – see fn 1) – The Secured Claim, if any, of The Huntington National Bank

Class 2F – (Impaired and potentially entitled to vote – see fn 1) – The Secured Claim, if any, of Midland States Bank.

Class 2G – (Impaired and potentially entitled to vote – see fn 1) – The Secured Claim, if any, of Pacific Premier Bank.

Class 2H – (Impaired and potentially entitled to vote – see fn 1) – The Secured Claim, if any, of Selway Machine Tool Company.

Class 2I – (Impaired and potentially entitled to vote – see fn 1) – The Secured Claim, if any, of Siemens Financial Services, Inc.

Class 2J – (Impaired and potentially entitled to vote – see fn 1) – The Secured Claim, if any, of U.S. Bank NA

Class 2K – (Impaired and potentially entitled to vote – see fn 1) – The Secured Claim, if any, of First Citizens Bank and Trust Company

Class 2L – (Impaired and potentially entitled to vote – see fn 1) – The Secured Claim, if any, of Iron Mountain Information Management LLC.

2.03   **Class 3**                      (Impaired and entitled to vote) – All non-priority unsecured claims allowed under § 502 of the Bankruptcy Code.

2.04   **Class 4**                      (Unimpaired and not entitled to vote) Equity interests in the Debtor.

---

[1]Secured creditors will be entitled to vote only if they hold a Secured Claim.  The secured class will be deemed a null class and not entitled to vote if creditor does not hold a Secured Claim.  This could occur if the value of the underlying collateral is such that based on the priority of the asserted lien, there is no collateral value is available to secure such claim.

Debtor Name: Spearman Aerospace, Inc.                                    Case number: 2:25-bk-10917-DS

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified Claims** | Under section § 1123(a)(1) of the Bankruptcy Code, administrative expense claims, and priority tax claims are not in classes. |
| 3.02 | **Administrative Expense Claims** | Each holder of an administrative expense claim allowed under § 503 of the Bankruptcy Code, will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.  For each estate professional listed below, the estate professional must file a fee application within 30 days after the Effective Date.  The Court must rule on all fees and costs of estate professionals before such fees and costs will be allowed. |
| | | Echo Park Legal, APC's fees are estimated to be between $85,000 and $150,000 through the Effective Date. |
| | | The Subchapter V Trustee's fees are estimated to be $15,000-$20,000 through the Effective Date. |
| 3.03 | **Priority Tax Claims** | Each holder of a priority tax claim will be paid in full, with interest at the Effective Federal Funds Rate as of the Effective Date, in sixteen (16) equal quarterly installments. |
| 3.04 | **Statutory Fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date of this Plan have been paid or will be paid on the Effective Date. |

## Article 4: Treatment of Claims and Interests Under the Plan

4.01  **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 **Priority Claims** excluding those in Article 3 | **Unimpaired** | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the Effective Date of this Plan, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2A **Secured Claim** of Ally Bank (Claim No. 21-1) | **Impaired** | Ally Bank's Secured Claim will be valued at the value of its collateral – the 2018 Ford T150 (VIN 3456) believed to be valued at $7,500 which will be valued by way of the Debtor's pending Section 506(a) motion – and this Secured Claim, if/when Allowed, will be paid in full in 60 equal monthly installments with interest at the Secured Interest Rate.  Alternatively, at the election of the Debtor the collateral will be surrendered to Ally Bank as of the Effective Date in full satisfaction of such Secured Claim. If Allowed, Ally Bank shall retain its duly perfected lien against its collateral in the amount of its Allowed Secured Claim.  Any remaining claim of Ally Bank above the value of its collateral, if allowed, will be treated as a Class 3 general unsecured claim. |
| Class 2B **Secured Claim** of Altemp Alloys LLC (Claim No. 23-1) | **Impaired** | Altemp Alloys LLC 's Secured Claim will be valued at the value of its collateral – believed to be $0.00 which will be valued by way of the Debtor's pending 506(a) motion to value.  This Secured Claim, if/when Allowed, will be paid in |

Debtor Name: Spearman Aerospace, Inc.                                    Case number: 2:25-bk-10917-DS

| | | |
|---|---|---|
| | | full in 60 equal monthly installments with interest at the Secured Interest Rate. Alternatively, at the election of the Debtor the collateral, if any, will be surrendered to Altemp Alloys LLC as of the Effective Date in full satisfaction of such Secured Claim.  If Allowed, Altemp Alloys LLC shall retain its duly perfected lien against its collateral, if any, in the amount of its Secured Claim.  Any remaining claim of Altemp Alloys LLC above the value of its collateral, if allowed, will be treated as a Class 3 general unsecured claim.  **This is expected to be a null class with the entire claim, if any, treated as a Class 3 general unsecured creditor.** |
| Class 2C<br>**Secured Claim** of Fora Financial West, LLC (UCC-1 filed by ASSN Company) (Claim No. 26-1) | **Impaired** | Fora Financial West, LLC's Secured Claim will be valued at the value of its collateral – believed to be $0.00 which will be valued by way of the Debtor's pending 506(a) motion to value.  This Secured Claim, if/when Allowed, will be paid in full in 60 equal monthly installments with interest at the Secured Interest Rate. Alternatively, at the election of the Debtor the collateral will be surrendered to Fora Financial West, LLC as of the Effective Date in full satisfaction of such Secured Claim.  If Allowed, Fora Financial West, LLC shall retain its duly perfected lien against its collateral, if any, in the amount of its Secured Claim.  Any remaining claim of Fora Financial West, LLC above the value of its collateral, if allowed, will be treated as a Class 3 general unsecured claim.  **This is expected to be a null class with the entire claim, if any, treated as a Class 3 general unsecured creditor.** |
| Class 2D<br>**Secured Claim** of ODK Capital LLC d/b/a Celtic Capital Corporation (Claim No. 13-2) | **Impaired** | ODK Capital LLC's Secured Claim will be valued at the value of its collateral – believed to be $0.00 which will be valued by way of the Debtor's pending 506(a) motion to value.  This Secured Claim, if/when Allowed, will be paid in full in 60 equal monthly installments with interest at the Secured Interest Rate. Alternatively, at the election of the Debtor the collateral will be surrendered to ODK Capital LLC. as of the Effective Date in full satisfaction of such Secured Claim.  If Allowed, ODK Capital shall retain its duly perfected lien against its collateral, if any, in the amount of its Secured Claim.  Any remaining claim of ODK Capital LLC above the value of its collateral, if allowed, will be treated as a Class 3 general unsecured claim.  **This is expected to be a null class with the entire claim, if any, treated as a Class 3 general unsecured creditor.** |

Debtor Name: Spearman Aerospace, Inc.                                    Case number: 2:25-bk-10917-DS

| Class 2E **Secured Claim** of Huntington Bank (Claim No. 14-1) | **Impaired** | Huntington Bank's Secured Claim will be valued at the lower of: (i) the value of its collateral – a Matsuura MX-850 – which shall be valued by way of the Debtor's pending Section 506(a) motion to value or (ii) the amount of its outstanding debt secured by such collateral.  This Secured Claim, if/when Allowed, will be paid in full in 60 equal monthly installments with interest at the Secured Interest Rate.   Alternatively, at the election of the Debtor the collateral will be surrendered to Huntington Bank as of the Effective Date in full satisfaction of such Secured Claim.  If Allowed, Huntington Bank shall retain its duly perfected lien against its collateral in the amount of its Secured Claim.  Any remaining claim of Huntington Bank above the value of its collateral, if allowed, will be treated as a Class 3 general unsecured claim. |
|---|---|---|
| Class 2F **Secured Claim** of Midland States Bank (Claim No. 46-1) | **Impaired** | Midland States Bank's Secured Claim will be valued at the value of its collateral – believed to be $0.00 which will be valued by way of the Debtor's pending 506(a) motion to value.  This Secured Claim, if/when Allowed, will be paid in full in 60 equal monthly installments with interest at the Secured Interest Rate.  Alternatively, at the election of the Debtor the collateral will be surrendered to Midland States Bank as of the Effective Date in full satisfaction of such Secured Claim.  If Allowed, Midland States Bank shall retain its duly perfected lien against its collateral, if any, in the amount of its Secured Claim.  Any remaining claim of Midland States Bank above the value of its collateral, if allowed, will be treated as a Class 3 general unsecured claim.  **This is expected to be a null class with the entire claim, if any, treated as a Class 3 general unsecured creditor.** |
| Class 2G **Secured Claim** of Pacific Premier Bank (Claim No. 1-1) | **Impaired** | Pacific Premier Bank's Secured Claim will be valued at the lower of (i) the value of its collateral which will be valued by way of the Debtor's pending Section 506(a) motion to value or (ii) the amount of its outstanding debt secured by such collateral.  This Secured Claim, if/when Allowed, will be paid in full in 60 equal monthly installments with interest at the Secured Interest Rate.  If Allowed, Pacific Premier Bank shall retain its duly perfected lien against its collateral in the amount of its Secured Claim.  Any remaining claim of Pacific Premier Bank above the value of its collateral, if allowed, will be treated as a Class 3 general unsecured claim. |
| Class 2H **Secured Claim** of Selway Machine | **Impaired** | Selway Machine Tool Company's Secured Claim will be valued at the value of its collateral – believed to be $0.00 which will be valued by way of the Debtor's pending 506(a) |

Debtor Name: Spearman Aerospace, Inc.                                    Case number: 2:25-bk-10917-DS

| | | |
|---|---|---|
| Tool Company (Claim No. 12-1) | | motion to value. This Secured Claim, if/when Allowed, will be paid in full in 60 equal monthly installments with interest at the Secured Interest Rate. Alternatively, at the election of the Debtor the collateral will be surrendered to Selway Machine Tool Company as of the Effective Date in full satisfaction of such Secured Claim. If Allowed, Selway Machine Tool Company shall retain its duly perfected lien against its collateral, if any, in the amount of its Secured Claim. Any remaining claim of Selway Machine Tool Company above the value of its collateral, if allowed, will be treated as a Class 3 general unsecured claim. **This is expected to be a null class with the entire claim, if any, treated as a Class 3 general unsecured creditor.** |
| Class 2I<br>**Secured Claim**<br>of Siemens Financial Services, Inc. (Claim No. 44-1) | **Impaired** | **This is expected to be a null class as Siemens Financial Services, Inc. has asserted this is a lease to be assumed and the Debtor expects to assume this lease as provided in Section 6.01 below. However, if this is not a lease, then** Siemens Financial Services Inc.'s Secured Claim will be valued at the lower of: (1) the value of its collateral – One (1) Doosan CNC Vertical Machining Center, Model No. DVF 5000 – which shall be valued by way of the Debtor's pending Section 506(a) motion to value or (ii) the amount of its outstanding debt secured by such collateral. This Secured Claim, if/when Allowed, will be paid in full in 60 equal monthly installments with interest at the Secured Interest Rate. Alternatively, at the election of the Debtor the collateral will be surrendered to Siemens Financial Services as of the Effective Date in full satisfaction of such Secured Claim. If Allowed, Siemens Financial Services shall retain its duly perfected lien against its collateral, if any, in the amount of its Secured Claim. Any remaining claim of Siemen Financial Services above the value of its collateral, if allowed, will be treated as a Class 3 general unsecured claim. |
| Class 2J<br>**Secured Claim**<br>of U.S. Bank NA (Claim No. 34-1) | **Impaired** | U.S. Bank NA's Secured Claim in the amount of $265,744, if/when Allowed, will be paid in full in 60 equal monthly installments with interest at the Secured Interest Rate. Alternatively, at the election of the Debtor the collateral will be surrendered to US bank Equipment Finance as of the Effective Date in full satisfaction of such Secured Claim. If Allowed, US Bank Equipment Finance shall retain its duly perfected lien against its collateral, if any, in the amount of its Secured Claim. |

Debtor Name: Spearman Aerospace, Inc.                                      Case number: 2:25-bk-10917-DS

| Class 2K **Secured Claim** of First Citizens Bank and Trust Company (Claim No. 15-1) | **Impaired** | First Citizen Bank and Trust Company's Secured Claim, if/when Allowed, will be paid in full in 60 equal monthly installments with interest at the Secured Interest Rate. Alternatively, at the election of the Debtor the collateral will be surrendered to First Citizen Bank and Trust Company in full satisfaction of such Secured Claim. If Allowed, First Citizen Bank and Trust Company shall retain its duly perfected lien against its collateral, if any, in the amount of its Secured Claim. **Note that the Debtor Currently intends to return First Citizen Bank and Trust Company's collateral on or before the Effective Date in full satisfaction of such Secured Claim.** |
| --- | --- | --- |
| Class 2L **Secured Claim** Iron Mountain Information Management LLC (Claim No. 42-1) | **Impaired** | Iron Mountain Information Management LLC's Secured Claim, if/when Allowed, will be paid in full in 60 equal monthly installments with interest at the Secured Interest Rate. Alternatively, at the election of the Debtor the collateral will be surrendered to Iron Mountain Information Management LLC's in full satisfaction of such Secured Claim. If Allowed, Iron Mountain Information Management LLC shall retain its duly perfected lien against its collateral, if any, in the amount of its Secured Claim. |
| Class 3 **Non-priority unsecured creditors** | **Impaired** | Class 3 Non-Priority Unsecured Creditors shall receive a *pro rata* share of the Debtor's Projected Disposable Income ($109,134.52), to be paid in twelve (12) equal quarterly installments, with the first payment being due on the first day of the 24th calendar month after the Effective Date and subsequent payments due every three months thereafter. |
| Class 4 **Equity security holders of the Debtor** | **Unimpaired** | The Debtor's Current Owner will retain its 100% equity in the Debtor on the Effective Date. |

## Article 5: Allowance and Disallowance of Claims

| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: |
| --- | --- | --- |

(i)   a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii)  no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. |
| --- | --- | --- |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 **Assumed executory contracts and unexpired leases** | (a) The Debtor will assume the following executory contracts and unexpired leases as of the Effective Date with the proposed cure amounts paid upon assumption on the Effective Date or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. Any objection to the proposed cure amounts provided for herein must be filed on or before the deadline to object to confirmation of this Plan. |
|---|---|

- Lease – 9215 Greenleaf Ave., Santa Fe Springs, CA – Proposed Cure Amount: $61,000.00
- Lease – 9225 Greenleaf Ave., Santa Fe Springs, CA – Proposed Cure Amount: $48,808.00
- Equipment Lease with Siemens Financial Services, Inc. of one Doosan CNC Vertical Machining Center, Model No. DVF 5000 – Proposed Cure Amount: $57,899.65. Note that if the Debtor cannot pay this cure amount on the Effective Date and no alternative mutually agreeable arrangement can be made to restructure this lease, the Debtor reserves the right to file a notice of rejection of this lease at any time prior to the Effective Date and return the Doosan CNC Vertical Machining Center, Model No. DVF 5000 to Siemens Financial Services, Inc.

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all other executory contracts and unexpired leases as of the Effective Date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

Payments provided for in this Plan will be funded by the Debtor's cash on hand on the Effective Date and income derived from the Reorganized Debtor's ongoing operations as well as potential avoidance power actions and the Zanetti Action.

The Reorganized Debtor will serve as the Disbursing Agent under this Plan, whether confirmed as a consensual plan under § 1191(a) or a non-consensual plan under Section § 1191(b). The Reorganized Debtor shall not be compensated for its services as the Disbursing Agent.

## Article 8: General Provisions

8.01 **Definitions and Rules of Construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan, and they are supplemented by the following definitions:

"Allowed" refers to a Claim filed against the Debtor, other than an administrative claim, to the extent that: (a) either: (1) a proof of Claim was timely filed; or (2) a proof of Claim is deemed timey filed under Bankruptcy Rule 3003(b)(1) or by a final order; and (b) either (1) the Claim is not a Disputed Claim; (2) the Claim is allowed by a final order; or (3) the Claim is allowed under this Plan. Unless otherwise specified in this Plan, an Allowed Claim does not include interest on the Claim accruing after the February 6, 2025 petition date. Moreover, any portion of a Claim that is satisfied or released during the Case is not an Allowed Claim.

"Case" means the Debtor's voluntary bankruptcy case pending in the Central District of California Bankruptcy Court – *In re Spearman Aerospace,*

*Inc.,* Case No. 2:25-bk-10917-DS.

"Claim" means a claim as the term is defined in § 101(5) of the Bankruptcy Code.

"Court" or "Bankruptcy Court" means the United States Bankruptcy Court for the Central District of California.

"Confirmation Order" shall mean an order of the Bankruptcy Court confirming the Plan.

"Current Owner" means SPAC Holdings I, LLC, the entity that owns 100% of the shares of the Debtor.

"Debtor" means Spearman Aerospace, Inc. as debtor and debtor-in-possession in the Case.

"DIP Financing" shall mean the line of credit at a 4% interest rate in an amount up to $500,000 approved by the Bankruptcy Court by way of Dkt. No. 115.

"Disbursing Agent" shall be the Reorganized Debtor, and it shall make distributions provided for in this Plan.

"Disputed Claim" shall have the meaning set forth in Section 5.01 of this Plan.

"Effective Date" shall have the definition set forth below in Section 8.02 of this Plan.

"Effective Federal Funds Rate" shall mean the Effective Federal Funds Rate posted on https://www.newyorkfed.org/markets/reference-rates/effr as of the Effective Date.

"Impaired" means that a creditor's legal, equitable, or contractual rights are altered by the Plan, even if the alteration is beneficial to the creditor.

"Plan" shall mean this plan of reorganization, as it may be subsequently amended or supplemented.

"Plan Proponent" shall mean the Debtor.

"Projected Disposable Income" shall mean the sum of $109,134.52 as calculated in **Exhibit 2**.

"Reorganized Debtor" means the Debtor as reorganized in accordance with the terms of this Plan, on and after the Effective Date.

"Secured Claim" means a Claim that is secured by a valid and unavoidable lien against property in which the Debtor's estate has an interest.  A Claim is a Secured Claim only to the extent of the value of the claimholder's allowed interest in that property as determined under § 506(a) of the Bankruptcy Code.

"Secured Interest Rate" shall mean the following:  If the Secured Claim is over secured by the value of the underlying collateral, the Secured Interest Rate shall be, as applicable, the contractual rate or judgment rate.  If the Secured Claim is not over secured, meaning the value of the Secured Claim is equal to the value of the underlying collateral, the Secured Interest Rate shall be the Effective Federal Funds Rate.

"Subchapter V Trustee" means Robert Goe in his capacity as the duly appointed Subchapter V trustee of the Case.

"Zanetti" shall mean the Debtor's prior shareholders – i.e. Urio Zanetti and his solely controlled entity Arca Investments, LLC.

| 8.02 | **Effective Date** | The "Effective Date" of this Plan is the first business day following the date that is fourteen (14) days after entry of the Confirmation Order. If, however, a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated. |
|---|---|---|
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California shall govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate Governance** | The Debtor's officers and directors will remain unchanged upon the Effective Date. The Current Owner shall retain its equity interest in the Debtor and remain the sole shareholder of the Debtor with all shares being common voting shares as provided in the Debtor's corporate charter / articles of incorporation and as required by § 1123(a)(6) of the Bankruptcy Code. |
| 8.08 | **Retention of Jurisdiction** | The Bankruptcy Court, or other court of competent jurisdiction, will retain jurisdiction over the Debtor's Bankruptcy Case and any of the proceedings arising from, or relating to, the bankruptcy case pursuant to 11 U.S.C. § 1142 and 28 U.S.C. § 1334 to the fullest extent permitted by the Bankruptcy Code and other applicable law, including without limitation, such jurisdiction as is necessary to ensure the purposes and intent of the Plan are carried out.  Such retention includes, among other things, jurisdiction (a) to hear and determine any and all disputes regarding the operation and interpretation of the Plan and Confirmation Order; (b) to hear and determine the allowance, classification, or priority of claims and interests upon objection by the Debtor, the Reorganized Debtor, or by other parties in interest with standing to bring such objection or proceeding; (c) to hear and determine any and all disputes relating to the sale, refinance, or other disposition of property or any other assets revesting in the Reorganized Debtor under the Plan, including but not limited to, the determination of the extent, validity, and priority of any lien asserted against such property and any disputes with respect to the transfer of title of any such property; (d) to construe and take any action to enforce the Plan, the Confirmation Order, and any other order of the Bankruptcy Court; (e) to issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan, the confirmation order, and all matters referred to in the Plan, and Confirmation Order (f) to determine all matters that may be pending before the Court in this case, or relate to property of the estate with respect to any person or entity related thereto; (g) to hear and determine (to the extent necessary) any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date; (h) to hear and determine any request for payment of administrative expenses; (i) to hear and determine such other matters and for such other purposes as may be provided in the Confirmation Order; (j) to modify the Plan under § 1193 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purpose; (k) except as otherwise provided in the Plan or Confirmation Order, to issue |

injunctions to take such other actions or make such other orders as may be necessary to implement or enforce the Plan or Confirmation Order; (l) to issue such orders in aid of consummation of the Plan and the Confirmation Order; (m) to enter a final decree closing the case.  In the event the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction or is otherwise without jurisdiction over any matter arising out of the Plan, such abstention, refusal, or failure of exercise shall have no effect upon and shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

## Article 9: Discharge

If the Plan is confirmed under § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, except that the Debtor will not be discharged of any debt:
>    (i) imposed by this Plan; or
>    (ii) to the extent provided in § 1141(d)(6).

If the Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Bankruptcy Code. The Debtor will not be discharged from any debt:
>    (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
>    (ii) excepted from discharge under § 523(a) of the Bankruptcy Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

(i) **Notice of Effective Date:** Within seven (7) days of the Effective Date, the Reorganized Debtor shall file with the Court a notice of the Plan's Effective Date.

(ii) **Objections to Claims:** The Debtor or Reorganized Debtor, as the case may be, and any party in interest may review all Claims filed or deemed filed and may object or seek subordination of any Claim filed or scheduled in the Bankruptcy Case.  The deadline to file claim objections shall be ninety (90) days after the Effective Date and any claim objection must be filed within that deadline unless a motion to extend the deadline to object to Claims is filed prior to the expiration of such deadline and an order is ultimately entered extending such deadline.  Nothing contained in this Plan shall constitute a waiver or release by the Debtor or Reorganized Debtor of any rights of setoff, recoupment, or any defense with respect to any Claim.

(iii) **Notice of Substantial Consummation:** Pursuant to § 1183(c)(2) of the Bankruptcy Code, within fourteen (14) days after the Plan is substantially consummated, the Reorganized Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest a notice of substantial consummation.

(iv) **Estimation of Claims:**  The Debtor or Reorganized Debtor may, at any time, request the Court estimate any contingent, unliquidated, or disputed Claim pursuant to § 502(c) of the Bankruptcy Code regardless of whether the Debtor or the Reorganized Debtor previously objected to such claim or whether the Court has ruled on any such objection, and the Court will retain jurisdiction to estimate any claim at any time during litigation concerning any objection to any claim, including during the pendency of any appeal relating to any such objection.  In the event the Court estimates any contingent, unliquidated or disputed claim, that estimated amount will constitute either the allowed amount of such claim or a maximum limitation on such claim, the Debtors or the Reorganized Debtors may elect to pursue any supplemental proceedings to object to any ultimate payment on such claim.

(v) **Distributions Made Pursuant to the Plan**:  Except as otherwise agreed upon by the Disbursing Agent in

writing, distributions to be made to holders of Allowed Claims pursuant to this Plan may be delivered by regular mail, postage prepaid, to the address shown in the Debtor's Schedules, as they may from time to time be amended in accordance with Rule 1009, or if a different address is stated in a proof of claim duly filed with the Court, to such address.  Whenever any distribution to be made under this Plan becomes due on a day other than a Business Day, such distribution shall instead be made on the next Business Day.  Nothing in this Plan shall require the Disbursing Agent to attempt to locate any holder of an Allowed Claim.  Checks issued by the Disbursing Agent to pay Allowed Claims shall be null and void if not negotiated within sixty (60) days after the date of issuance.  Requests for reissuance of any check shall be made to the Disbursing Agent by the holder of the Allowed Claim to whom the check originally issued, within sixty (60) days after the original date of issuance.  After the expiration of the sixty (60) days, the unclaimed property held on account of such voided check or such claim shall revest in the Reorganized Debtor free and clear of all claims and interests.

(vi)     **Injunction**: As of the Effective Date, the Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged or terminated pursuant to the Plan.  Except as provided in this Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a claim or other debt or liability that is discharged are permanently enjoined from taking any of the following actions against the Debtor, the Reorganized Debtor, the Disbursing Agent, or their properties on account of any such discharged claims debts or liabilities or terminated interests or rights: (a) commencing or continuing, in any manner or in any place, any action or other proceedings; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (c) creating, perfecting or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (e) commencing or continuing any action in any manner, in any place that does not comply with or inconsistent with the provisions of this Plan.

(vii)    **Post Confirmation Reports:** The Reorganized Debtor shall file with the Court and serve on the United States Trustee and the Subchapter V Trustee post-confirmation quarterly reports that shall include all Plan disbursements for the quarter until the case is closed, converted, or dismissed.

(viii)   **Default:** In the event the Debtor materially defaults in the performance of its obligations under the Plan by missing two (2) consecutive payments and does not cure such default within fourteen (14) days after receipt of written notice of material default from the creditor to whom the performance is due, then the entity or individual to whom the performance is due may pursue such remedies as available at law or equity, and/or seek conversion or dismissal of the case under 11 U.S.C. § 1112(b)(4)(N).  An event of material default occurring with respect to one claim shall not be an event of material default with respect to any other claim.

(ix)     **Modification of the Plan:**  The Debtor reserves the right in accordance with § 1193(a) of the Bankruptcy Code to amend or modify the Plan at any time before confirmation.  However, the Court may require a re-voting on the Plan, unless the modification is non-material or relates only to the extension of the Effective Date, which modification shall not require re-voting of the Plan.

(x)      **Post-Confirmation Conversion:** Pursuant to Local Bankruptcy Rule 3020-1(e) and consistent with § 1141(b), unless specifically provided otherwise in this Plan, if the Case is converted to one under chapter 7, the property of the Reorganized Debtor that has not been distributed under the plan will be vested in the chapter 7 estate.

(xi)     **Preservation of Claims and Rights Not Otherwise Expressly Settled, Released, Assigned, or Waived:** Pursuant to § 1123(b)(3)(B) and unless otherwise expressly set forth in this Plan or the Confirmation Order, all retained claims and defenses of any kind or nature whatsoever against third parties, arising before the Effective Date and belonging to the Debtor or the Debtor's estate shall become property of the Reorganized Debtor on the Effective Date.  Notwithstanding any otherwise applicable principle of law or equity, including, without limitation, any principles of judicial estoppel, res judicata, collateral estoppel, issue preclusion, or any similar doctrine, the failure to list, disclose, describe, identify, analyze or refer to any such retained claims and defenses in this Plan or any other document filed with the Bankruptcy Court will in no manner waive eliminate, modify, release, or alter the rights of the Reorganized Debtor to commence, prosecute, defend against, settle and realize upon any retained claims and defenses that the Debtor or its estate have or may have as of the Effective Date.  Retained claims and defenses shall include, without limitation: (a) all claims and defenses pursuant to applicable non-bankruptcy law and Sections 502, 506, 524 and 553 of the Bankruptcy Code against any creditor; (b) all avoidance causes of action and objections to Claims under Sections 105, 502, 506, 510, 542 through 551 and 553 of the Bankruptcy Code that belong to the Debtor or its estate; (c) all claims and defenses related to recovery of professionals' fees and expenses by the Debtor from Creditors;

and (d) all causes of action, including, but not limited to, claims related to pre-confirmation and/or pre-petition conduct, including without limitation, claims for fraud, breach of fiduciary duty or negligence. From an after the Effective Date, the Reorganized Debtor is authorized to assert the retained claims and defenses including, but not limited to, for purposes of objecting to the allowance of any Claim. Nothing contained in the Plan or Confirmation Order shall be deemed to be a waiver or relinquishment of any of the Debtor's rights with respect to the retained Claims and defenses and Reorganized Debtor shall be entitled to assert fully all retained rights and defenses.

Respectfully submitted,

X _____
[Signature of the Plan Proponent]

Spearman Aerospace, Inc.
_____
By Scott Holland, President

___/s/ M. Douglas Flahaut_____
[Signature of the Attorney for the Plan Proponent]

M. Douglas Flahaut
_____
[Printed Name]

# EXHIBIT 1

**Spearman Aerospace, Inc.**
**Hypothetical Chapter 7**
**Liquidation Analysis**

### ASSETS

| Model | Value | |
|---|---|---|
| 2017 DOOSAN DNM 5700 | $50,000.00 | |
| 2013 HWACHEON Vesta 100 | $32,500.00 | |
| 2013 HWACHEON VESTA-1000 | $32,500.00 | |
| 2015 DOOSAN DNM 500 II | $37,500.00 | |
| 2022 MATSUURA MX-850 | $350,000.00 | |
| 2018 MATSUURA MX-330 | $140,000.00 | |
| 2015 DOOSAN PUMA GT2600 | $42,500.00 | |
| 2021 DOOSAN PUMA 2600SY II | $115,000.00 | |
| 2021 DOOSAN DNM 5700 | $72,500.00 | |
| 2016 DOOSAN DNM 5700 | $45,000.00 | |
| 2017 DOOSAN DNM 350/5AX | $85,000.00 | |
| 2016 MATSUURA MX-330 with Fanuc Robot | $210,000.00 | |
| 2018 DOOSAN DNM 750L II | $85,000.00 | |
| 2020 DOOSAN DVF 5000 | $0.00 | Note: Siemens has asserted this is a lease to be assumed. Even if it were not a lease, the analysis does not change as the lessor filed a secured claim in excess of the value of the item of machinery. |
| 2016 DOOSAN DNM 5700 | $45,000.00 | |
| 2019 HEXAGON MODEL NO GLOBAL S GREEN | $50,000.00 | |
| Misc. Shop Items | $10,000.00 | |
| Cash and Cash Equivalents | $14,265.00 | |
| Accounts Receivable | $15,000.00 | |
| Used Office Furniture and Equipment | $2,000.00 | |
| Misc. Models, Scraps, Inventory, and Works in Progress | $1,000.00 | |
| Website and Other Intangibles | $1,000.00 | |
| Used Forklift | $5,000.00 | |
| Used Computer Server | $1,000.00 | |
| 2018 Ford | $7,500.00 | |
| Total Assets Constituting Collateral | $1,449,265.00 | |
| Net of Secured Claims | ($1,449,265.00) | Note: Total secured claims significantly exceed $1,449,265. |
| Total Value for Unsecured Creditors | $0.00 | |

**Estate Assets Not Encumbered By Pre-Petition Liens**

| | | |
|---|---|---|
| Pre-Petition Lawsuit Against Urio Zanetti et al. | $ 75,000.00 | Estimate. While the Debtor believes there is liability here, serious collectibility issues exist as Zanetti has left the country. |
| Other Chapter 5 Actions | $ 50,000.00 | Estimate. Debtor believes likely recoveries are substantially less. Actions against insiders such as Zanetti will have the same collectibility issues as the pre-petition lawsuit, and debtor believes there are little to no claims against third parties under Chapter 5. |

| | | |
|---|---|---|
| **Generous Estimate Re Total Assets Net of Liens/Secured Claims for Trustee to Administer For Unsecured Creditors** | **$ 125,000.00** | |
| Repayment of DIP Facility Secured by, inter alia, Chapter 5 and Other Litigation Claims | $ 50,000.00 | Estimate |
| Chapter 11 Administrative Expenses (includes Debtor's counsel and Sub V Trustee) | $ 120,000.00 | Estimate |
| | $ 9,500.00 | Estimated 326 Fees |
| Chapter 7 Trustee's Accountant | $ 10,000.00 | Estimate |
| Chapter 7 Trustee's Counsel | $ 50,000.00 | Estimate |
| **Available for Unsecured Creditors in a Hypothetical Chapter 7** | 0.00 | |

# EXHIBIT 2

**Spearman Aerospace**
**Proposed Budget - Post Confirmation**
**Cash Basis Applied**

| | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 |
|---|---|---|---|---|---|
| *Revenue* | | | | | |
| Lockheed | $2,500,000.00 | $2,750,000.00 | $2,900,000.00 | $ 4,100,000.00 | $ 4,500,000.00 |
| Other | $ 150,000.00 | $ 250,000.00 | $ 250,000.00 | $ 250,000.00 | $ 250,000.00 |
| **Sub-Total** | $2,650,000.00 | $3,000,000.00 | $3,150,000.00 | $ 4,350,000.00 | $ 4,750,000.00 |
| | | | | | |
| *Cost of Goods Sold* | | | | | |
| Raw Materials (Billett) | $ 477,000.00 | $ 540,000.00 | $ 750,000.00 | $ 1,250,000.00 | $ 1,500,000.00 |
| Direct Labor | $ 70,000.00 | $ 75,000.00 | $ 90,000.00 | $ 200,000.00 | $ 225,000.00 |
| Chemical Processing | $ 79,500.00 | $ 90,000.00 | $ 94,500.00 | $ 150,000.00 | $ 185,000.00 |
| Assembly Labor | $ 53,000.00 | $ 60,000.00 | $ 63,000.00 | $ 145,000.00 | $ 149,000.00 |
| Computer Inspection (outside services) | $ 25,000.00 | $ 35,000.00 | $ 63,475.00 | $ 120,000.00 | $ 150,000.00 |
| Component Hardware | $ 25,000.00 | $ 25,000.00 | $ 50,000.00 | $ 75,000.00 | $ 75,000.00 |
| **Sub-Total** | $ 729,500.00 | $ 825,000.00 | $1,110,975.00 | $ 1,940,000.00 | $ 2,284,000.00 |
| | | | | | |
| *Overhead* | | | | | |
| Quality | $ 125,000.00 | $ 125,000.00 | $ 125,000.00 | $ 125,000.00 | $ 125,000.00 |
| Programming / Licenses | $ 225,000.00 | $ 250,000.00 | $ 300,000.00 | $ 325,000.00 | $ 325,000.00 |
| Engineering | $ 75,000.00 | $ 75,000.00 | $ 75,000.00 | $ 100,000.00 | $ 150,000.00 |
| Rent | $ 206,468.20 | $ 176,685.65 | $ 156,823.20 | $ 161,460.00 | $ 165,000.00 |
| Power | $ 51,600.00 | $ 60,000.00 | $ 70,000.00 | $ 80,000.00 | $ 90,000.00 |
| Shipping Receiving | $ 17,500.00 | $ 21,000.00 | $ 25,000.00 | $ 35,000.00 | $ 45,000.00 |
| Health Insurance | $ 64,800.00 | $ 81,000.00 | $ 101,250.00 | $ 125,000.00 | $ 140,000.00 |
| Workers Compensation | $ 54,000.00 | $ 60,000.00 | $ 71,000.00 | $ 88,000.00 | $ 103,000.00 |
| General Liability | $ 12,000.00 | $ 13,200.00 | $ 14,520.00 | $ 20,000.00 | $ 22,500.00 |
| Product Liability | $ 2,300.00 | $ 3,000.00 | $ 4,000.00 | $ 5,000.00 | $ 6,000.00 |
| **Sub-Total** | $ 833,668.20 | $ 864,885.65 | $ 942,593.20 | $ 1,064,460.00 | $ 1,171,500.00 |
| | | | | | |
| *Sales, General & Administrative* | | | | | |
| CEO | $ 120,000.00 | $ 120,000.00 | $ 120,000.00 | $ 120,000.00 | $ 120,000.00 |
| CFO | $ 100,000.00 | $ 100,000.00 | $ 100,000.00 | $ 100,000.00 | $ 100,000.00 |
| In-Direct Labor | $ 325,000.00 | $ 400,000.00 | $ 410,000.00 | $ 425,000.00 | $ 350,000.00 |
| Travel & Entertainment | $ 10,500.00 | $ 13,500.00 | $ 13,500.00 | $ 50,000.00 | $ 60,000.00 |
| Capex / Preventative Maintenance | $ 50,000.00 | $ 55,000.00 | $ 75,000.00 | $ 100,000.00 | $ 125,000.00 |
| **Sub-Total** | $ 605,500.00 | $ 688,500.00 | $ 718,500.00 | $ 795,000.00 | $ 755,000.00 |
| | | | | | |
| **Total Expenses** | $2,168,668.20 | $2,378,385.65 | $2,772,068.20 | $ 3,799,460.00 | $ 4,210,500.00 |
| **Percent of Sales** | 82% | 79% | 88% | 87% | 89% |
| | | | | | |
| **Operating Income** | $ 481,331.80 | $ 621,614.35 | $ 377,931.80 | $ 550,540.00 | $ 539,500.00 |
| **Percent of Sales** | 18% | 21% | 12% | 13% | 11% |
| | | | | | |
| *Bankruptcy Liabilities* | | | | | |
| **Secured Repayment With Interest** | $ 369,390.00 | $ 369,390.00 | $ 369,390.00 | $ 369,390.00 | $ 369,390.00 |
| **Debtor in Possession Financing\*** | | | | | |
| *Interest - 4% Per Annum* | $ 20,000.00 | $ 14,000.00 | $ 7,000.00 | $ 7,000.00 | $ 4,000.00 |
| *DIP Repayment* | $ 150,000.00 | $ 175,000.00 | | $ 75,000.00 | $ 100,000.00 |
| **IRS Trust Fund Payments + 4.5% Interest** | $ 34,833.43 | $ 34,833.43 | $ 34,833.43 | | |
| **LA County Escapement TAX** | $ 28,000.00 | $ 28,000.00 | | | |
| **Administrative Claims** | | | | | |
| Estimated Sub-Chapter 5 Legal Fees (Trustee) | $ - | | | | |
| Sub-Chapter 5 at Confirmation | $ - | | | | |
| *Est. Debtor's Counsel* | $ 110,000.00 | | | | |
| *Lease Cures* | $ 167,707.65 | | | | |
| **Sub-Total Liabilities** | $ 879,931.08 | $ 621,223.43 | $ 411,223.43 | $ 451,390.00 | $ 473,390.00 |
| **Percent of Sales** | 33% | 21% | 13% | 10% | 10% |
| | | | | | |
| **Administrative Claims Due at Confirmation** | $ 277,707.65 | | | | |
| **Total Liabilities** | $ 602,223.43 | $ 558,390.00 | $ 376,390.00 | $ 451,390.00 | $ 473,390.00 |
| | | | | | |
| **Net Liabilities / Debt Servicing** | $ 602,223.43 | $ 558,390.00 | $ 376,390.00 | $ 451,390.00 | $ 473,390.00 |
| | | | | | |
| **Projected Disposable Income** | $ (120,891.63) | $ 63,224.35 | $ 1,541.80 | $ 99,150.00 | $ 66,110.00 |
| **Total Projected Disposable Income -Five Years** | | | | | $ 109,134.52 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address
is: Echo Park Legal, APC, 2210 W Sunset Blvd. #301, Los Angeles, CA 90026.

A true and correct copy of the foregoing document entitled (*specify*): **SPEARMAN AEROSPACE'S PLAN
OF REORGANIZATION, DATED APRIL 22, 2025** will be served or was served (a) on the judge in
chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On 4/22/25 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses
stated below:

                                                        **X** Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On 4/22/25, I *caused to be* served the following persons and/or entities at the last known addresses in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the
United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a
declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*I caused the document noted above to be served utilizing the services of BK Attorney Services, LLC d/b/a
certificatofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts
Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4) as provided in the following pages.*

                                                        **X** Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR
EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR,
on (date), I served the following persons and/or entities by personal delivery, overnight mail service, or (for
those who consented in writing to such service method), by facsimile transmission and/or email as follows.
Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will
be completed</u> no later than 24 hours after the document is filed.

                                                        ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/22/2025 | M. Douglas Flahaut | /s/ M. Douglas Flahaut |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                             **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF**
**ELECTRONIC FILING (NEF):**

- **Karen L Belair**   kbelair@zwickerpc.com
- **David A Berkley**   david.berkley@wbd-us.com, mary.koo@wbd-us.com;Sul.Lee@wbd-us.com
- **M Douglas Flahaut**   df@echoparklegal.com
- **Robert Paul Goe (TR)**   bktrustee@goeforlaw.com, kwareh@goeforlaw.com;bkadmin@goeforlaw.com;C187@ecfcbis.com;kmurphy@goeforlaw.com;rgoe@goeforlaw.com
- **Arnold L Graff**   agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
- **Noreen A Madoyan**   Noreen.Madoyan@usdoj.gov
- **Arlen Moradi**   amoradi@buchalter.com
- **Anthony J Napolitano**   anapolitano@buchalter.com, docket@buchalter.com;marias@buchalter.com
- **Sean A OKeefe**   sokeefe@okeefelc.com, seanaokeefe@msn.com
- **David L Oberg**   david@oberglawapc.com
- **Madison B Oberg**   madison@oberglawapc.com
- **Valerie Bantner Peo**   vbantnerpeo@buchalter.com
- **Thomas J Polis**   tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Amitkumar Sharma**   amit.sharma@aisinfo.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Dylan J Yamamoto**   dylan@echoparklegal.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:

SPEARMAN AEROSPACE, INC

CASE NO: 2-25-bk-10917-DS

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 11

On 4/22/2025, a copy of the following documents, described below,

Notice of Confirmation Hearing (With Court's Scheduling Order as Exhibit 1 Thereto)

Spearman Aerospace's Plan of Reorganization, Dated April 22, 2025

Ballot - Spearman Aerospace

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 4/22/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
M. Douglas Flahaut
Echo Park Legal,APC
2210 Sunset Blvd. #301
Los Angeles, CA  90026

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 2-25-BK-10917-DS
CENTRAL DISTRICT OF CALIFORNIA
TUE APR 22 15-55-49 PST 2025

ALLY BANK CO AIS PORTFOLIO SERVICES
LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

AMERICAN EXPRESS NATIONAL BANK CO
ZWICKER
80 MINUTEMAN ROAD
PO BOX 9043
ANDOVER  MA 01810-0943

EXCLUDE

(U)COURTESY NEF

ECHO PARK LEGAL  APC
2210 SUNSET BLVD 301
LOS ANGELES  CA 90026-3002

EXCLUDE

(U)MIDLAND STATES BANK

EXCLUDE

(U)NDU INVESTMENTS  LLC
CO OKEEFE  ASSOCIATES LAW CORP
26 EXECUTIVE PARK STE 250
IRVINE

PACIFIC PREMIER BANK
CO POLIS  ASSOCIATES  APLC
19800 MACARTHUR BLVD
SUITE 1000
IRVINE  CA 92612-2433

SD INDUSTRIAL TOOL SUPPLY  INC
WRIGHT  FINLAY  ZAK  LLP
4665 MACARTHUR COURT  SUITE 200
NEWPORT BEACH  CA 92665 UNITED STATES
92660-1811

SPAC HOLDINGS I  LLC
254 N LAKE AVE
NO 873
PASADENA  CA 91101-1829

SIEMENS FINANCIAL SERVICES  INC
BUCHALTER  A PROFESSIONAL CORPORATION
ATTN ANTHONY J NAPOLITANO
1000 WILSHIRE BLVD  SUITE 1500
LOS ANGELES  CA 90017-1730

DEBTOR

SPEARMAN AEROSPACE  INC
9215 GREENLEAF AVE
SANTA FE SPRINGS  CA 90670-3028

THE HUNTINGTON NATIONAL BANK
WOMBLE BOND DICKINSON US LLP
400 SPECTRUM CENTER DRIVE SUITE 1700
IRVINE  CA 92618-5015

EXCLUDE

LOS ANGELES DIVISION
255 EAST TEMPLE STREET
LOS ANGELES  CA 90012-3332

3P PROCESSING
1702 S KNIGHT ST
WICHITA  KS 67213-1304

EXCLUDE

(D)3P PROCESSING  LLC
1702 S KNIGHT ST
WICHITA  KS 67213-1304

ADP
PO BOX 310011874
PASADENA  CA 91110-1874

ADVANCED MACHINE PRODUCTS INC
13032 PARK ST
SFS  CA 90670-4006

AFCO
PO BOX 2292
GARDENA  CA 90247-0292

ALTEMP ALLOYS  LLC
330 W TAFT AVE
ORANGE  CA 92865-4222

APTEK LABORATORIES INC
28570 LIVINGSTON AVENUE
VALENCIA  CA 91355-4171

ATS SYSTEMS
30222 ESPERANZA
RSM  CA 92688-2121

AUTOMATED MANUFACTURING INC
PO BOX 3771
CHATSWORTH  CA 91313-3771

ACCURATE STEEL TREATING  INC
10008 MILLER WAY
SOUTH GATE  CA 90280-5496

ADVANCED AERO COATINGS  LLC
PO BOX 1724
HURST  TX 76053-1724

ALLIED INLAND EMPIRE
2901 S RIVERSIDE AVE
STE A
COLTON  CA 92324-3336

ALLOY METALS COMPANY LLC
3400 EAST 69TH STREET
LONG BEACH  CA 90805-1811

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

ALLY BANK
2911 LAKE VISTA BLVD
LEWISVILLE  TX 75067-3801

EXCLUDE
(D)ALLY BANK CO AIS PORTFOLIO SERVICES
LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

ALTEMP ALLOYS LLC
330 WEST TAFT AVE
ORANGE  CA 92865-4222

AMERICAN COMMUNICATION CABLES  EQUIP
821 S RAYMOND AVE
ALHAMBRA  CA 91803-1546

AMERICAN COMPRESSOR COMPANY
10144 FREEMAN AVE
SANTA FE SPRINGS  CA 90670-3450

AMERICAN EXPRESS
80 MINUTEMAN ROAD
ANDOVER  MA 01810-1008

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COM
CO ZWICKER AND ASSOCIATES  PC
ATTORNEYSAGENTS FOR CREDITOR
PO BOX 9043
ANDOVER  MA 01810-0943

ASSN COMPANY
PO BOX 2576
SPRINGFIELD  IL 62708-2576

BMO BANK
1625 W FOUNTAINHEAD PKWY  FL10
TEMPE  AZ 85282-2371

BERKSHIRE PRODUCTION SUPPLY LLC
PT SOLUTIONS
PO BOX 1385
WALLED LAKE MI 48390-5385

BISCO INDUSTRIES
PO BOX 68062
ANAHEIM  CA 92817-0862

BODYCOTE  HP DIVISION
9921 ROMANDEL AVE
SANTA FE SPRINGS  CA 90670-3441

BODYCOTE THERMAL PROCESSING INC
BODYCOTE USA INC ATTN ERIC SAGEHORN
12750 MERIT DRIVE SUITE 1400
DALLAS TX 75251-1248

BOEING DISTRIBUTION SERVICES  INC
88289 EXPEDITE WAY
CHICAGO  IL 60695-0001

BOWMAN PLATING CO
PO BOX 5205
COMPTON  CA 90224-5205

CH HYDRAULICS
1585 MONROVIA AVE
NEWPORT BEACH  CA 92663-2806

CAB ASSIGNEE OF BISCO INDUSTRIES INC
4340 FULTON AVENUE  THIRD FL
SHERMAN OAKS  CA 91423-3925

CISCO  INC
1702 TOWNSHURST DR
HOUSTON  TX 77043-2811

CULLIGAN OF SANTA ANA
502 S LYON
SANTA ANA  CA 92701-6362

CYBER AEROSPACE CORP
7425 LAMPSON AVE
GARDEN GROVE  CA 92841-2903

CALIFORNIA DEPARTMENT OF TAX  FEE ADMI
PO BOX 942879
SACRAMENTO  CA 94279-0001

CALIFORNIA METAL  SUPPLY INC
10230 FREEMAN AVE
SANTA FE SPRINGS  CA 90670-3410

CASTLE METALS
PO BOX 514670
LOS ANGELES  CA 90051-4670

CELTIC CAPITAL CORPORATION
23622 CALABAS RD
STE 323
CALABASAS  CA 91302-1594

CINTAS
23 CORPORATE PLAZA DR  STE 150
NEWPORT BEACH  CA 92660-7908

CITIBANK  NA ITS BRANCHES  SUBSIDIARIES
AN
388 GREENWICH ST
10TH FLOOR
NEW YORK  NY 10013-2362

CITY OF SANTA FE SPRINGS WATER
PO BOX 2120
SANTA FE SPRINGS  CA 90670-0120

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

CONTINENTAL HEAT TREATING
10643 S NORWALK BLVD
SANTA FE SPRINGS  CA 90670-3821

CYPRESS LLP
1925 CENTURY PARK EAST
SUITE 1700
LOS ANGELES  CA 90067-2740

DANGELO FAMILY TRUST
16835 ALGONQUIN ST
HUNTINGTON BEACH  CA 92649-3810

DAVID BERKLEY
400 SPECTRUM CENTER DRIVE
IRVINE  CA 92618-4934

DIGITAL SERVICE CO
3185 AIRWAY AVE
BLDG E
COSTA MESA  CA 92626-4601

EAGLE REGISTRATIONS  INC
40 N MAIN STREET
SUITE 1880
DAYTON  OH 45423-1041

EAGLE REGISTRATIONS INC
SEBALY SHILLITO + DYER LPA
ATTN NICK J ENDSLEY
220 E MONUMENT AVE  STE 500
DAYTON  OH 45402-1267

EDD EMPLOYMENT DEVELOPMENT DEPARTMENT
PO BOX 989061
WEST SACRAMENTO  CA 95798-9061

EDWIN ABRAMIAN
645 BALBOA AVE
GLENDALE  CA 91206-2417

ELECTROLURGY
1121 DURYEA AVE
IRVINE  CA 92614-5584

ELLISON TECHNOLOGIES
P O BOX 880962
LOS ANGELES  CA 90088-0962

EMPLOYMENT DEVELOPMENT DEPARTMENT
BANKRUPTCY GROUP MIC 92E  PO BOX 82688
SACRAMENTO  CA 95814

FIRSTCITIZENS BANK  TRUST CO (CIT)
155 COMMERCE WAY
PORTSMOUTH  NH 03801-3243

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A 340
PO BOX 2952
SACRAMENTO  CA 95812-2952

FROG ENVIRONMENTAL
965 E WILLOW STREET
SIGNAL HILL  CA 90755
LONG BEACH  CA 90755-2738

FASTENAL COMPANY
1008 MATTLIND WAY
MILFORD  DE 19963-5300

FASTENAL COMPANY
2001 THEURER BLVD
ATTN LEGAL
WINONA  MN 55987-9902

FEDEX
PO BOX 7221
PASADENA  CA 91109-7321

FINANCIAL AGENT SERVICES
PO BOX 2576
SPRINGFIELD  IL 62708-2576

FINE QUALITY METAL FINISHING  INC
524 W 17TH STREET
LONG BEACH  CA 90813-1514

(P)FIRST CITIZENS BANK AND TRUST
COMPANY
10201 CENTURION PARKWAY N STE 100
JACKSONVILLE FL 32256-4114

FLAGSTAR BANK
CORPORATE DRIVE  E2031
TROY  MI 48098

FORA FINANCIAL
1385 BROADWAY FL 15
NEW YORK  NY 10018-6015

FORA FINANCIAL WEST  LLC
CO AUBREY THRASHER  LLC
3050 PEACHTREE ROAD NW
SUITE 240
ATLANTA  GA 30305-2212

FROG ENVIRONMENTAL
965 E WILLOW ST
SIGNAL HILL  CA 90755-2738

FUSION CLOUD SERVICES
PO BOX 51538
LOS ANGELES  CA 90051-5838

FUTURA ENERGY INC
13142 BARTON RD
WHITTIER CA 90605-2756

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

EXCLUDE
(D)FUTURA ENERGY INC
13145 BARTON RD
WHITTIER  CA 90605-2756

GREENBAUM LAW GROUP LLP
160 NEWPORT CENTER DR
STE 110
NEWPORT BEACH  CA 92660-6911

H  N MACHINE CO
14022 PARSONS PLACE
GARDEN GROVE  CA 92843-3635

H  N MACHINE CO
SAM NGUYEN
19701 CLANCY LANE
HUNTINGTON BEACH CA 92646-3654

HADCO
POBOX 788587
PHILADELPHIA  PA 19178-8587

HERRERA WINDOW CLEANING LLC
1000 W 8TH ST
UNIT 5206
LOS ANGELES  CA 90017-5970

HEXAGON MANUFACTURING INTELLIGENCE  INC
LOCKBOX 771742
1742 SOLUTIONS CENTER
CHICAGO  IL 60677-1007

HUNTINGTON BANK  ATTN YOLANDA HUNTER
11100 WAYZATA BOULEVARD  SUITE 700
HOPKINS  MN 55305-5523

INDUSTRIAL FORMULATORS INC
15631 GRAHAM STREET
UNIT E
HUNTINGTON BEACH  CA 92649-1631

INFOR (US)  INC
PO BOX 847798
LOS ANGELES  CA 90084-7798

INTECH FUNDING CORP
201 EAST HUNTINGTON DRIVE
STE 201
MONROVIA  CA 91016-8010

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA  PA 19101-7346

EXCLUDE
(D)INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA  PA 19101-7346

IRON MOUNTAIN
PO BOX 601002
PASADENA  CA 91189-1002

IRON MOUNTAIN INFORMATION MANAGEMENT
LLC
1101 ENTERPRISE DRIVE
ROYERSFORD PA 19468  PA 19468-4201

JASON KHANO
3050 PEACHTREE ROAD NW
SUITE 240
ATLANTA  GA 30305-2212

LASCARIS DELI
14104 LAMBERT RD
WHITTIER  CA 90605-2427

LAND ROVER
PO BOX 78074
PHOENIX  AZ 85062-8074

LEADERSHIP CNC SERVICE INC
7161 EAST AVE
UNIT 24
RANCHO CUCAMONGA  CA 91739-5916

LOCKE LORD LLP
24259 NETWORK PLACE
CHICAGO  IL 60673-1242

LOS ANGELES TAX COLLECTOR
PO BOX 54110
LOS ANGELES  CA 90054-0110

LUCAS HORSFALL ACCOUNTANTS   ADVISORS
299 N EUCLID AVENUE
2ND FLOOR
PASADENA  CA 91101-1582

M L WINTERS CO LLC
8467 LOCH LOMOND DRIVE
PICO RIVERA  CA 90660-2508

MIRA DANGELO
16835 ALGONQUIN ST  477
HUNTINGTON BEACH  CA 92649-3810

MANUFACTURERS FINANCING SERVICES
10370 SLUSHER DR
STE 10
SANTA FE SPRINGS  CA 90670-6063

MARTIN B GREENBAUM
160 NEWPORT CENTER DR STE 110
NEWPORT BEACH  CA 92660-6911

MCMASTERCARR
PO BOX 7690
CHICAGO  IL 60680-7690

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

MCMASTERCARR SUPPLY
MCMASTERCARR SUPPLY CO
9630 NORWALK BLVD
SANTA FE SPRINGS CA 90670-2954

MENKE MARKING DEVICES
PO BOX 2986
SANTA FE SPRINGS  CA 90670-0986

METLIFE
PO BOX 804466
KANSAS CITY  MO 64180-4466

MIDLAND STATES BANK
18400 VON KARMA AVE
STE 800
IRVINE  CA 92612-0514

MIDLAND STATES BANK
18400 VON KARMAN AVENUE  SUITE 800
IRVINE  CA 92612-0514

MIDLAND STATES BANK
CO VALERIE BANTNER PEO ESQ
425 MARKET ST SUITE 2900
SAN FRANCISCO CA 94105-2491

MIDLAND STATES BANK
CO VALERIE BANTNER PEO  ESQ
BUCHALTER PC
425 MARKET ST  SUITE 2900
SAN FRANCISCO  CA 94105-2491

MORRELLS ELECTRO PLATING  INC
432 EUCLID AVE
COMPTON  CA 90222-2899

NEU INVESTMENTS
2030 MAIN STREET  SUITE 1300
IRVINE  CA 92614-7220

~~EXCLUDE~~
~~(D)NEU INVESTMENTS  LLC~~
~~2030 MAIN ST~~
~~STE 1300~~
~~IRVINE  CA 92614-7220~~

ODK CAPITAL
3914 MURPHY CANYON RD A125
SAN DIEGO  CA 92123-4499

ODK CAPITAL LLC
4700 W DAYBREAK PKWY  STE 200
SOUTH JORDAN  UT 84009-5133

ONGARD METALS  INC
8638 CLETA ST
DOWNEY  CA 90241-5201

OMNI METAL FINISHING
11665 COLEY RIVER CIRCLE
FOUNTAIN VALLEY  CA 92708-4279

OMNI METAL FINISHING  INC
11665 COLEY RIVER CIR
FOUNTAIN VALLEY  CA 92708-4279

ORKIN
PO BOX 740300
CINCINNATI  OH 45274-0300

PONAM PRECISION GAGES
439 W ACACIA AVE
GLENDALE  CA 91204-1903

PT SOLUTIONS
PO BOX 670587
DETROIT  MI 48267-0587

PACIFIC PREMIER BANK
131 W COMMONWEALTH AVENUE
FULLERTON  CA 92832-1808

PACIFIC PREMIER BANK
19800 MACARTHUR BLVD
STE 1000
IRVINE  CA 92612-2433

PARAGON ENTERPRISES
26608 PURPLE MARTIN CT
CANYON COUNTRY  CA 91351-5542

PATEL  AYAZ
18104 HOFFMAN AVE
CERRITOS  CA 90703-2610

PAYCHEX
1175 JOHN ST
WEST HENRIETTA  NY 14586-9199

PITNEY BOWES
PO BOX 981022
BOSTON  MA 02298-1022

PRECISION ID SPECIALTIES
6259 STEARNS ST
RIVERSIDE  CA 92504-1733

PRIDE CARBIDE CUTTING TOOLS
14020 SHOEMAKER AVE
NORWALK  CA 90650-4536

PURCHASE POWER
PO BOX 371874
PITTSBURGH  PA 15250-7874

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

QA LUBRICANTS  FAR WEST OIL
12223 HIGHLAND AVE
UNIT 106-372
RANCHO CUCAMONGA  CA 91739-2574

REPUBLIC SERVICES
PO BOX 78829
PHOENIX  AZ 85062-8829

REPUBLIC SERVICES  INC
12949 TELEGRAPH RD
SANTA FE SPRINGS  CA 90670-4049

S  D INDUSTRIAL TOOL SUPPLY
4665 MACARTHUR COURT  SUITE 200
NEWPORT BEACH  CA 92660-1811

EXCLUDE
(D)SD INDUSTRIAL TOOL SUPPLY  INC
4665 MACARTHUR COURT  SUITE 200
NEWPORT BEACH  CA 92660-1811

SMT SMITH MACHINE  TOOL
5601 RESEARCH DRIVE
HINTINGTON BEACH  CA 92649-1620

SELWAY MACHINE TOOL COMPANY
29250 UNION CITY BLVD
UNION CITY  CA 94587-1279

SIEMENS FINANCIAL SERVICES  INC
170 WOOD AVE SOUTH
ISELIN  NJ 08830-2741

SIEMENS FINANCIAL SERVICES  INC
ATTN  STEPHANIE MITCHELL
4800 NORTH POINT PARKWAY
ALPHARETTA  GA 30022-3732

SIERRA ALLOYS COMPANY
160 NEWPORT CENTER DRIVE STE 110
NEWPORT BEACH  CA 92660-6911

SIGNATURE FINANCIAL AND LEASING LLC
225 BROADHOLLOW RD
STE 132W
MELVILLE  NY 11747-4809

SKY GEEK
30 AIRWAY DRIVE
LAGRANGEVILLE  NY 12540-5254

EXCLUDE
(U)SMITH MACHINE AND TOOL LLC

SNOWLINE ENGINEERING
4261 BUSINESS DRIVE
CAMERON PARK  CA 95682-7217

(P)SOUTHERN CALIFORNIA EDISON COMPANY
1551 W SAN BERNARDINO ROAD
COVINA CA 91722-3407

STAR AUTO CARE INC
13028 LOS NIETOS RD
SANTA FE SPRINGS  CA 90670-3014

(P)STATE COMP INS FUND
PO BOX 9102
PLEASANTON CA 94566-9102

SUNSHINE METALS
PO BOX 8332
PASADENA  CA 91109-8332

SUPERIOR HANDFORGE
PO BOX 12738
NEWPORT BEACH  CA 92658-5073

THE HOME DEPOT
PO BOX 9001030
LOUISVILLE  KY 40290-1030

THE HUNTINGTON NATIONAL BANK
CO DAVID BERKLEY
400 SPECTRUM CENTER DRIVE
IRVINE  CA 92618-4934

TIMEPAYMENT
PO BOX 88232
MILWAUKEE  WI 53288-8232

TIMEPAYMENT CORP
200 SUMMIT DRIVE SUITE 100
BURLINGTON  MA 01803-5274

US BANK NA DBA US BANK EQUIPMENT
FINANCE
1310 MADRID STREET
MARSHALL  MN 56258-4099

UPS
PO BOX 894820
LOS ANGELES  CA 90189-4820

UPTIME USA
3470 MT DIABLO BLVD
SUITE A130
LAFAYETTE  CA 94549-7123

US BANK EQUIPMENT FINANCE
1210 MADRID ST
MARSHALL  MN 56258

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

UNITED STATES TRUSTEE (LA)
915 WILSHIRE BLVD  SUITE 1850
LOS ANGELES  CA 90017-3560

UNITEDHEALTHCARE INSURANCE COMPANY
ATTN CDMBANKRUPTCY
185 ASYLUM STREET - 03B
HARTFORD CT 06103-3408

URIO ZANETTI
8500 BURTON WAY 510
LOS ANGELES  CA 90048-3393

URIO ZANETTI
ZWICKER  ASSOCIATES
LOS ANGELES  CA 90048

VIDEOJET
12113 COLLECTION CENTER DR
CHICAGO  IL 60693-0121

~~EXCLUDE~~
~~(U)VALLEY ACQUISITION CORPORATION DBA~~
~~VALLEY PO~~

(P)VANACORE ENGINEERING INC
9801 LURLINE AVENUE
CHATSWORTH CA 91311-4406

WALKER BROTHERS
3839 E CORONADO ST
ANAHEIM  CA 92807-1606

WELLS FARGO
PO BOX 030310
LOS ANGELES  CA 90030-0310

WELLS FARGO VENDOR FINANCIAL SERVICES
LLC
801 WALNUT STREET MAC F0006052
DES MOINES  IA 50309-3606

WENCOR GROUP
416 DIVIDEND DRIVE
PEACHTREE CITY  GA 30269-1906

WRIGHT  FINLAY  ZAK  LLP
ATTN ARNOLD L GRAFF  ESQ
4665 MACARTHUR COURT  STE 200
NEWPORT BEACH  CA 92660-1811

WYNN PRECISION  LLC
13862 A BETTER WAY
STE 8E
GARDEN GROVE  CA 92843-3928

DYLAN J YAMAMOTO
2210 SUNSET BLVD
STE 301
LOS ANGELES  CA 90026-3002

M DOUGLAS FLAHAUT
ECHO PARK LEGAL  APC
2210 W  SUNSET BLVD
STE 310
LOS ANGELES  CA 90026-3002

ROBERT PAUL GOE (TR)
GOE FORSYTHE  HODGES LLP
17701 COWAN
BUILDING D
STE 210
IRVINE  CA 92614-6840

7332344421

COURT'S LIST OF NEF (ELECTRONIC SERVICE) RECIPIENTS:

(U.S. Trustee)
United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
represented by:
Noreen A Madoyan
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Noreen.Madoyan@usdoj.gov

James S Livermon, III
Womble Bond Dickinson (US) LLP
555 Fayetteville St Suite 1100
Raleigh, NC 27601

(Creditor)
The Huntington National Bank
Womble Bond Dickinson (US) LLP
400 Spectrum Center Drive Suite 1700
Irvine, CA 92618United States
represented by:
David A Berkley
Womble Bond Dickinson (US) LLP
400 Spectrum Center Drive
Ste 1700
Irvine, CA 92612

david.berkley@wbd-us.com

Dylan J Yamamoto
2210 Sunset Blvd.
Ste #301
Los Angeles, CA 90026

dylan@echoparklegal.com

(Debtor)
Spearman Aerospace, Inc.
9215 Greenleaf Ave,
Santa Fe Springs, CA 90670
Tax ID / EIN: 46-2339219
represented by:
M Douglas Flahaut
Echo Park Legal, APC
2210 W. Sunset Blvd.
Ste 310
Los Angeles, CA 90026

df@echoparklegal.com

(Creditor)
Siemens Financial Services, Inc.
Buchalter, A Professional Corporation
Attn: Anthony J. Napolitano
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 91030
represented by:
Anthony J Napolitano
Buchalter, A Professional Corporation
1000 Wilshire Blvd, Ste# 1500
Los Angeles, CA 90017-2457

anapolitano@buchalter.com

SPAC Holdings I, LLC
254 N. Lake Ave.
No. 873
Pasadena, CA 91101
(Stockholder)
represented by:
David L Oberg
Oberg Law Group, APC
23679 Calabasas Rd.
Suite 541
Calabasas, CA 91302

david@oberglawapc.com

(Creditor)
S&D Industrial Tool Supply, Inc.
Wright, Finlay & Zak, LLP
4665 MacArthur Court, Suite 200
Newport Beach, CA 92665United States
represented by:
Arnold L Graff
Wright, Finlay & Zak, LLP
4665 MacArthur Court
Suite 200
Newport Beach, CA 92660

agraff@wrightlegal.net

(Creditor)
Pacific Premier Bank
c/o Polis & Associates, APLC
19800 MacArthur Blvd.
Suite 1000
Irvine, CA 92612
represented by:
Thomas J Polis
Polis & Associates, APLC
19800 MacArthur Blvd
Ste 1000
Irvine, CA 92612-2433

tom@polis-law.com

(Creditor)
NEU Investments, LLC
C/O OKeefe & Associates Law Corp.
26 Executive Park. Ste. 250
Irvine
represented by:
Sean A OKeefe
OKeefe & Assoc. Law Corp., P.C.
26 Executive Park
Suite 250
Irvine, CA 92614

sokeefe@okeefelc.com

(Creditor)
Midland States Bank
represented by:
Arlen Moradi
Buchalter, APC
425 Market St. Ste. 2900
San Francisco, CA 94105

amoradi@buchalter.com

(Trustee)
Robert Paul Goe (TR)
Goe Forsythe & Hodges LLP
17701 Cowan
Building D
Ste 210
Irvine, CA 92614

bktrustee@goeforlaw.com

7332344421

COURT'S LIST OF NEF (ELECTRONIC SERVICE) RECIPIENTS:

Echo Park Legal, APC
2210 Sunset Blvd. #301
Los Angeles, CA 90026
(Attorney)

Valerie Bantner Peo
Buchalter Nemer
425 Market Street
Suite 2900
San Francisco, CA 94105

vbantnerpeo@buchalter.com

Madison B Oberg
Oberg Law Group APC
23679 Calabasas Rd Ste 541
Calabasas, CA 91302

madison@oberglawapc.com

(Interested Party)
represented by:
Arlen Moradi
Buchalter, APC
425 Market St. Ste. 2900
San Francisco, CA 94105

amoradi@buchalter.com

(Creditor)
American Express National Bank c/o
Zwicker & Associates, P.C.
80 Minuteman Road
P.O. Box 9043
Andover, MA 01810-1041
represented by:
Karen L Belair
Zwicker and Associates PC
80 Minuteman Road, P.O. Box 9043
Andover, MA 01810-1041

kbelair@zwickerpc.com

(Creditor)
Ally Bank c/o AIS Portfolio Services,
LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118
represented by:
Amitkumar Sharma
AIS Portfolio Services, LLC
4515 N Santa Fe Ave.
Dept.Aps
Oklahoma City, OK 73118

amit.sharma@aisinfo.com