| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| M. Douglas Flahaut (SBN 245558)<br>Dylan J. Yamamoto (SBN 324601)<br>ECHO PARK LEGAL, APC<br>2210 Sunset Blvd., 301<br>Los Angeles, CA  90026<br>Telephone: 310.709.0658<br>Email:  df@echoparklegal.com<br>        dylan@echoparklegal.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Spearman Aerospace, Inc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Spearman Aerospace, Inc. | CASE NO.: 2:25-bk-10917-DS<br>CHAPTER: 11 |
|---|---|
| Debtor(s). | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>[No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) Spearman Aerospace, Inc. ,
   filed a motion or application (Motion) entitled DEBTOR'S MOTION TO EXTEND THE DEADLINE TO ASSUME OR REJECT NONRESIDENTIAL REAL PROPERTY LEASES PURSUANT TO SECTION 365 .

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

(1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)  Movant will lodge an order that the court may use to grant the Motion; and

(3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 05/15/2025

/s/ Dylan J. Yamamoto
Signature of Movant or attorney for Movant

Dylan J. Yamamoto
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                     Page 2                     F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

# Exhibit 1

M. Douglas Flahaut (SBN 245558)
Dylan J. Yamamoto (SBN 324601)
**ECHO PARK LEGAL, APC**
2210 Sunset Blvd., 301
Los Angeles, CA  90026
Telephone:       310.709.0658
Email:  df@echoparklegal.com
           dylan@echoparklegal.com
Counsel for Debtor and Debtor-in-Possession
Spearman Aerospace, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:25-bk-10917-DS |
| **Spearman Aerospace, Inc.** | |
| | Chapter 11, Subchapter V |
| Debtor and Debtor-in-Possession | |
| | **DEBTOR'S MOTION TO EXTEND THE DEADLINE TO ASSUME OR REJECT NONRESIDENTIAL REAL PROPERTY LEASES PURSUANT TO SECTION 365; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF SCOTT HOLLAND IN SUPPORT THEREOF** |
| | *[No Hearing Required Unless Requested— L.B.R. 9013-1(o)]* |

**TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE AND ALL PARTIES IN INTEREST:**

Spearman Aerospace, Inc, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") hereby moves this Court, pursuant to this Motion and Section 365(d)(4)(B)(i), for an order extending the deadline for the Debtor to assume or reject non-residential real property leases by 90 days, to and including September 4, 2025.  The Debtor is a party to two such leases: (a) 9215 Greenleaf Ave., Santa Fe Springs, CA; and (2) 9225 Greenleaf Ave., Santa Fe Springs, CA. (collectively, the "Leases").

As further discussed in the annexed Memorandum of Points and Authorities in support of the Motion, the Debtor submits that good cause exists under 11 U.S.C. § 365(d)(4)(B)(i) to grant the relief requested in the Motion because, among other things: (1) the Debtor recently filed its *Spearman Aerospace's Plan of Reorganization, Dated April 22, 2025* [Dkt. No. 123] (the "Plan"), which currently indicates that, subject to amendment, the Debtor intends to assume both Leases and proposes cure amounts to become current; (2) the Debtor intends to continue its operations from the leased premises, and the loss of such leases would cause a severe disruption of the Debtor's operations, and would severely impede this bankruptcy case and the Debtor's efforts to reorganize under the Plan; (3) this is the Debtor's first request to extend the deadline to assume or reject the leases; and (4) the Debtor should not be required to assume the Leases (and the related administrative claims arising therefrom) unless the Plan is confirmed and that the Leases will be required for continued business operations.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

1.    Granting the Motion;

2.    Extending the deadline for the Debtor to assume or reject the Leases by 90 days to and including September 4, 2025; and

3.    Granting any and other further relief as the Court deems appropriate.

1    DATED: May 15, 2025                    **ECHO PARK LEGAL, APC**

2                                           */s/  M. Douglas Flahaut*

3                                           M. Douglas Flahaut
                                            Dylan J. Yamamoto
4                                           Counsel for Debtor and Debtor-in-Possession
                                            Spearman Aerospace, Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## BACKGROUND

4

**A.    General Background.**

5       The Debtor is a California corporation that is 100% owned by SPAC Holdings I, LLC

6   ("Current Owner").  The Debtor is in the business of making specialized aerospace parts and

7   components out of steel, aluminum, titanium, and other metals for its customers, which include

8   Lockheed, Ducommun, Boeing, and other aerospace companies.  The components made by the

9   Debtor are designed and/or machined in the Debtor's facility located in Santa Fe Springs, California

10  and then shipped nationally.  The Debtor specializes in fabricating highly specialized components

11  for both commercial and military applications, in addition to supporting fabrication of components

12  used on aircraft platforms that are classified as being Top Secret and are controlled by the

13  Department of Defense of the United States of America.  Furthermore, the Debtor is ITAR certified

14  and D.O.D cyber security certified, as it is required to be a custodian of the technical data essential

15  to fabricating the components it produces.  The Debtor has approximately eleven employees and

16  its principal assets include high-end CNC milling machines and metal working equipment.

17      To comprehensively address its cash flow issues, prepare accurate financial records, and

18  maximize the value of its business operations for the benefit of all creditors and interest holders,

19  the Debtor made the difficult decision to seek bankruptcy relief and elected to file a voluntary

20  petition under Chapter 11, Subchapter V, of the Bankruptcy Code on February 6, 2025.

21  **B.    Treatment of the Leases Under the Plan.**

22      The Debtor is a party to the two Leases, at (a) 9215 Greenleaf Ave., Santa Fe Springs, CA;

23  and (2) 9225 Greenleaf Ave., Santa Fe Springs, CA, from which it operates its business.  The Debtor

24  is current on postpetition rent with the landlords on both Leases.  On April 22, 2025, the Debtor

25  filed its Plan, which provides, among other things, for the assumption of both Leases as of the

26  Effective Date, with proposed cure amounts of $61,000 for the 9215 Greenleaf lease and $48,808

27  for the 9225 Greenleaf lease.

28

.

## II.

## LEGAL ARGUMENT

**A.    There Is Good Cause to Grant the Requested Extension Based on the Factors Typically Used By Courts.**

Section 365(d)(4) of the Bankruptcy Code provides that:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>> (i) the date that is 120 days after the date of the order for relief; or
>> (ii) the date of the entry of an order confirming a plan.
> (B)
>> (i)     The court may     extend     the     period determined     under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4).

Thus, pursuant to Section 365(d)(4), a Chapter 11 debtor must assume or reject any nonresidential real property leases within 120 days of the Chapter 11 filing, or earlier if the Court enters an order confirming the plan prior to the 120-day period has passed, unless the Court extends such period for cause. 11 U.S.C. § 365(d)(4)(B). A nonresidential real property lease that is not assumed within the statutory period shall be "deemed" rejected. 11 U.S.C. § 365(d)(4)(A). Courts may grant an initial ninety (90) day extension of the statutory period, with subsequent extensions granted only upon the prior written consent of the lessor. 11 U.S.C. § 365(d)(4)(B).

Generally speaking, courts determine whether or not cause exists to extend the time within which a debtor must assume or reject a non-residential real property lease based upon an analysis of all relevant facts of the case. *Southwest Aircraft Services, Inc. v. City of Long Beach*, 831 F.2d 848, 854 (9th Cir. 1987), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2848 (1988); *In re Victoria Station, Inc.*, 88 B.R. 231, 236 (B.A.P. 9th Cir. 1988), *aff'd.* 875 F.2d 1380 (9th Cir. 1989); *In re Muir Training Technologies, Inc.*, 120 B.R. 154, 158 (Bankr. S.D. Cal. 1990. "[A] great deal of

discretion is left to the court to weigh *all* relevant factors related to the requested extension." *BC Brickyard Assocs. v. Ernst Home Ctr., Inc. (In re Ernst Home Ctr.)*, 221 B.R. 243, 253 (B.A.P. 9th Cir. 1998) (emphasis added), *citing, In re Victoria Station, Inc., supra*, 88 B.R. at 236.

Courts have identified a non-exhaustive list of factors that may be used to determine whether or not cause exist to extend the deadline, including:

(1) whether the lease is the primary asset of the debtor;

(2) whether the lessor has a reversionary interest in the building built by the debtor on the landlord's land;

(3) whether the debtor has had time to intelligently appraise its financial situation and the potential value of its assets in terms of the formulation of a plan;

(4) whether the lessor continues to receive the rent required in the lease;

(5) whether the lessor will be damaged beyond the compensation available under the Code due to the debtor's continued occupation;

(6) whether the case is exceptionally complex and involves a large number of leases;

(7) whether the need exists for a judicial determination of whether the lease is disguised as a security interest;

(8) whether the debtor has failed or is unable to formulate a plan when it has had more than enough time to do so;  and

(9) any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease. *In re Ernst Home Ctr.*, 221 B.R. at 253.

Here, an analysis of these factors shows that there is good cause to grant the requested extension.

Regarding factor 1, the Leases are not the primary assets of the Debtor, but they represent the locations from which the Debtor operates its business.  Losing such leases would cause a severe disruption to the Debtor's operations, and would severely impede this bankruptcy case and the Debtor's efforts to reorganize under the Plan.

Regarding factor 2, the Debtor has no reversionary interest.

1        Regarding factor 3, the Debtor has had the time to intelligently appraise its financial

2   situation and the potential value of its assets in the formulation of a plan.  The Debtor's Plan is

3   currently pending before the Court and a confirmation hearing is set for May 27, 2025 at 1:00 p.m.

4   Under the Plan, the Debtor intends to assume the Leases and continue its operations from such

5   leased premises.  If the Debtor does not assume the Leases by June 6, 2025, the Leases will be

6   deemed rejected.  On the other hand, assumption of the Leases prior to confirmation would create

7   an additional financial burden on the Debtor and an additional administrative burden on the estate

8   without the certainty that the Plan will be confirmed.  Thus, it is more economically prudent for the

9   Debtor and the estate for the Court to extend the deadline for 90 days to assure that there is adequate

10  time for the Plan to be confirmed and for the Leases to be assumed through the Plan.  During the

11  brief extension of time, the Debtor will remain current on its post-petition obligations, so there is

12  no harm to the lessors.

13       Regarding factors 4 and 5, the Debtor intends, under the Plan, to pay the proposed cure

14  amounts to the landlord in order to become current, and the Debtor continues to pay rent

15  postpetition.  Consequently, the landlord will not be damaged beyond the compensation available

16  under the Code during the Debtor's continued occupation.

17       Regarding factor 6, this case is not exceptionally complex but it does involve two

18  nonresidential, commercial leases.

19       Regarding factor 7, there is no need for a judicial determination of whether the Leases are

20  disguised as a security interest; these are merely standard leases for commercial real estate.

21       Regarding factor 8, the Debtor has filed its Plan, which is currently pending before the

22  Court.  Furthermore, the Debtor and its counsel continue to work with creditors to address concerns

23  and to work towards Plan confirmation.

24       Finally, regarding factor 9, this is the Debtor's first request for an extension of the deadline,

25  and the Debtor intends to pay prepetition cure amounts under the Plan and remains current

26  postpetition with the Landlord.

27       Consequently, there is good cause to grant the requested extension of the deadline for the

28  Debtor to assume or reject the Leases.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### <u>CONCLUSION</u>

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

1.       Granting the Motion;

2.       Extending the deadline for the Debtor to assume or reject the Leases by 90 days to and including September 4, 2025; and

3.       Granting any and other further relief as the Court deems appropriate.


DATED: May 15, 2025                         **ECHO PARK LEGAL, APC**

                                            _/s/ M. Douglas Flahaut_
                                            M. Douglas Flahaut
                                            Dylan J. Yamamoto
                                            Counsel for Debtor and Debtor-in-Possession
                                            Spearman Aerospace, Inc.

**<u>DECLARATION OF SCOTT HOLLAND</u>**

I, Scott Holland, declare as follows:

1.      I am over the age of 18 and have knowledge of the facts set forth in this Declaration either from my own personal knowledge or from my review of documents and records of Spearman Aerospace, Inc. (the "Debtor") and/or my discussions with management, attorneys, and/or employees of the Debtor. I make this declaration in support of the Debtor's *Motion to Extend the Deadline to Assume or Reject Non-Residential Real Property Leases Pursuant to Section 365* (the "Motion").[1]

2.      I am the sole member of the Debtor's board of directors and have served as its President and CEO since February 6, 2025. Before that, I was involved in the due diligence and acted as an advisor to the Current Owner with respect to its acquisition of the stock of the Debtor from the prior owner, Urio Zanetti. As such, I am very familiar with the assets of the Debtor and its business operations.

3.      The Debtor is a party to the two Leases, at (i) 9215 Greenleaf Ave., Santa Fe Springs, CA; and (ii) 9225 Greenleaf Ave., Santa Fe Springs, CA, from which it operates its business.

4.      The Debtor is current on its postpetition rent on both Leases.

5.      On April 22, 2025, the Debtor filed its Plan, which provides, among other things, for the assumption of both Leases through the Plan. A hearing on confirmation of the Plan is set for May 27, 2025. If the Debtor does not assume the Leases by June 6, 2025, the Leases will be deemed rejected. However, assumption of the Leases prior to confirmation would create an additional financial burden on the Debtor and an additional administrative burden on the estate without the certainty that the Plan will be confirmed. Thus, it is more economically prudent for the Debtor and the estate for the Court to extend the deadline for 90 days to assure that there is adequate time for the Plan to be confirmed and for the Leases to be assumed through the Plan. During the brief extension of time, the Debtor will remain current on its post-petition obligations, so there is no harm to the lessors

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

I declare under the penalty of perjury that the foregoing is true and correct.  Executed this 14th day of May in Pasadena, California.

Scott Holland

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Echo Park Legal, APC, 2210 W Sunset Blvd. #301, Los Angeles, CA 90026.

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION TO EXTEND THE DEADLINE TO ASSUME OR REJECT NONRESIDENTIAL REAL PROPERTY LEASES PURSUANT TO SECTION 365 [DKT. NO. 141]
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 15, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

                                                        x Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On May 15, 2025, I *caused to be* served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*I caused the document noted above to be served utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4) as provided in the following pages.*

                                                        x Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
                                                        ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 5/15/2025 | Dylan J. Yamamoto | /s/ Dylan J. Yamamoto |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**

## <u>PROOF OF SERVICE CONTINUED PAGE</u>

1. **<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):</u>**

- **Karen L Belair**    kbelair@zwickerpc.com
- **David A Berkley**    david.berkley@wbd-us.com, mary.koo@wbd-us.com;Sul.Lee@wbd-us.com
- **M Douglas Flahaut**    df@echoparklegal.com
- **Robert Paul Goe (TR)**    bktrustee@goeforlaw.com, kwareh@goeforlaw.com;bkadmin@goeforlaw.com;C187@ecfcbis.com;kmurphy@goeforlaw.com;rgoe@goeforlaw.com
- **Arnold L Graff**    agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **Arlen Moradi**    amoradi@buchalter.com
- **Anthony J Napolitano**    anapolitano@buchalter.com, docket@buchalter.com;marias@buchalter.com
- **Sean A OKeefe**    sokeefe@okeefelc.com, seanaokeefe@msn.com
- **David L Oberg**    david@oberglawapc.com
- **Madison B Oberg**    madison@oberglawapc.com
- **Valerie Bantner Peo**    vbantnerpeo@buchalter.com
- **Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Amitkumar Sharma**    amit.sharma@aisinfo.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- **Dylan J Yamamoto**    dylan@echoparklegal.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:

Spearman Aerospace, Inc.

CASE NO: 2:25-bk-10917-DS

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 11
ECF Docket Reference No. 140

On 5/15/2025, a copy of the following documents, described below,

NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION ECF Docket Reference No. 140

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 5/15/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Dylan J. Yamamoto
Echo Park Legal, APC
2210 Sunset Blvd., #301
Los Angeles, CA  90026

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

|  |  | UNDELIVERABLE |
| --- | --- | --- |

HON. DEBORAH J. SALTZMAN
255 E. TEMPLE STREET, SUITE 1634
LOS ANGELES, CA 90012

OFFICE OF THE UNITED STATES TRUSTEE
ATTN: NOREEN MADOYAN
915 WILSHIRE BLVD., SUITE 1850
LOS ANGELES, CA 90017

LANDLORD

D'ANGELO FAMILY TRUST
16200 BIMINI LANE
HUNTINGTON BEACH, CA 92649

FLOYD D'ANGELO
16200 BIMINI LANE
HUNTINGTON BEACH, CA 92649

NEU INVESTMENTS, L.L.C.
2030 MAIN ST., STE. 1300
IRVINE, CA 92614

FORA FINANCIAL
1385 BROADWAY FL 15
NEW YORK, NY, 10018

SELWAY MACHINE TOOL COMPANY
29250 UNION CITY BLVD.
UNION CITY, CA, 94587-1209

HADCO
P.O.BOX 788587
PHILADELPHIA, PA, 19178-8587

SUPERIOR HANDFORGE
P.O. BOX 12738
NEWPORT BEACH, CA, 92658

PT SOLUTIONS
PO BOX 670587
DETROIT, MI, 48267-0587

VANACORE ENGINEERING INC
9801 LURLINE AVE.
CHATSWORTH, CA, 91311

MIRA D'ANGELO
16835 ALGONQUIN ST., 477
HUNTINGTON BEACH, CA, 92649

SNOWLINE ENGINEERING
4261 BUSINESS DRIVE
CAMERON PARK, CA, 95682

ALTEMP ALLOYS, LLC.
330 W. TAFT AVE.
ORANGE, CA, 92865

APTEK LABORATORIES INC
28570 LIVINGSTON AVENUE
VALENCIA, CA, 91355-4171

H & N MACHINE CO
14022 PARSONS PLACE
GARDEN GROVE, CA, 92843

WYNN PRECISION, LLC
13862 A BETTER WAY
STE 8E
GARDEN GROVE, CA, 92843

WALKER BROTHERS
3839 E. CORONADO ST.
ANAHEIM, CA, 92807

3P PROCESSING
1702 S KNIGHT ST
WICHITA, KS, 67213

ACCURATE STEEL TREATING, INC.
10008 MILLER WAY
SOUTH GATE, CA, 90280

BISCO INDUSTRIES
P.O. BOX 68062
ANAHEIM, CA, 92817

SUNSHINE METALS
PO BOX 8332
PASADENA, CA, 91109

ELLISON TECHNOLOGIES
P. O. BOX 880962
LOS ANGELES, CA, 90088-0962

THE HOME DEPOT
PO BOX 9001030
LOUISVILLE, KY, 40290-1030

OMNI METAL FINISHING
11665 COLEY RIVER CIRCLE
FOUNTAIN VALLEY, CA, 92708