Elissa D. Miller
  elissa.miller@gmlaw.com
Chapter 7 Trustee
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 213.626.2311
Facsimile: 954.771.9264

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION,

| | |
|---|---|
| In re | Case No. 2:25-bk-10917-DS |
| Spearman Aerospace, Inc., | Chapter 7 |
| Debtor. | **EMERGENCY MOTION OF CHAPTER 7 TRUSTEE FOR ORDER DISMISSING CASE EFFECTIVE IMMEDIATELY UPON ENTRY OF THE ORDER PURSUANT TO 11 U.S.C. 707(a); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ELISSA D. MILLER IN SUPPORT THEREOF AND RE NOTICE**<br><br>DATE:  January 22, 2026<br>TIME:   1:00 pm.<br>PLACE: Courtroom 1639<br>           255 East Temple Street<br>           Los Angeles, CA 90012<br>           **OR BY Zoom.GOV**<br>**Opposition Due 1/21/26 by 5:00 p.m.** |

**TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, THE DEBTOR, AND ALL PARTIES IN INTEREST:**

Elissa D. Miller, the duly appointed, authorized, and acting Chapter 7 Trustee ("Trustee") of the estate of Spearman Aerospace, Inc. ("Debtor ") hereby moves this Court on an emergency basis, for an order dismissing this case effectively immediately upon entry of the Order on this Motion.

This Motion is made on the grounds that the Debtor has no operations, no insurance, no unencumbered assets, including avoidance claims, and at the same time has material obligations, including but not limited to, providing employees with W-2s by

EDM 63573441v1

January 30, 2026 and filing the associated tax documents, returning approximately 50-75 banker's boxes of client files needed to be returned to each customer; and returning client files and data stored on the Debtor's server.  The Trustee understands there is less than $3,000 remaining in the dip account which is the secured lenders' cash collateral and would not be sufficient in any event.

In other words, there are no available assets to pay the required obligations imposed upon the Chapter 7 Trustee or any amount to the secured creditors or the large Chapter 11 administrative expenses, including the landlord.

At the same time, the Debtor is an entity, it is not entitled to a discharge and, therefore, there is no benefit to it to remain in Chapter 7.

This motion is brought on an emergency basis as each day this estate remains open, it continues to incur administrative rent to the landlord and would have to prepare the tax documents if heard on regular notice as they are due on January 30, 2026.  In other words, the Trustee and the estate are exposed to unnecessary expenses with no ability to pay.[1]

This motion is made pursuant to Bankruptcy Code §707(a) and on the grounds that good cause exists for the dismissal.  This Motion is based on this notice, the attached Memorandum of Points and Authorities, the supporting declaration of Elissa D. Miller, the attached exhibits, all other admissible evidence properly before the Court, and any arguments and/or testimony to be presented at the hearing on this motion.

WHEREFORE, the Trustee respectfully requests that this Court enter an order granting this motion in the form attached hereto as Exhibit 1.

DATED: January 16, 2026

Respectfully submitted,
  */s/ Elissa D. Miller*
Elissa D. Miller
Chapter 7 Trustee

---

[1] The Trustee is informed that the knowing incurrence of tax obligations, without the ability to pay, exposes the Trustee to personal liability.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## I.

## PERTINENT FACTS

The facts underlying this Motion are as follows:

Prepetition, the Debtor was in the business of making specialized aerospace parts and components from a machine shop located in rented space in Santa Fe Springs California. Although the Debtor was in business for many years, the current owner acquired the stock of the Debtor in October 2024. According to the Debtor, the business was already failing as of the date of acquisition.

On February 6, 2025, the Debtor filed a petition under Chapter 11, Subsection V of the United States Bankruptcy Code. At the time of the filing, the Debtor had only 9 employees and 12 "high end milling Machines". The Debtor had a significant amount of secured debt both specific to the machines and also lenders with blanket liens. In its attempts to operate the case, the Debtor incurred more debt with its secured creditors and also arranged Debtor in Possession ("DIP") financing through an entity related to the Debtor who was granted a junior lien on all of the assets and a lien on the avoidance claims and the litigation claim against the prior owner as there were no other unencumbered assets. The Trustee is informed that the DIP lender advanced not less than $300,0000. The secured creditors, other than the DIP lender, are collectively owed several million dollars. The IRS and other taxing agencies are owed close to $150,000 based on proofs of claims filed.

While the Debtor continued to operate, it was not paying its landlord current and was also in default on its prepetition obligations to the Landlord, it was not paying utilities and allowed insurance on the premises and workers compensation to lapse. On March 14, 2025, the Landlord filed a motion to reject the lease or pay administrative rent. [Dkt. No. 59]. After several extensions while Debtor was arranging its DIP financing and dealing with other matters in the case, on September 4, 2025, the Debtor filed a notice of

rejection of the lease and surrender of the property to the Landlord. [Dkt. No. 200]. The surrender was delayed based on promised payments, however, on January 9, 2026, the Court entered an order compelling the Debtor to surrender the premises [Dkt. No. 294].

According to the Debtor's most recent Monthly Operating Report for Small Business under Chapter 11 filed on January 7, 2026, for the month of November 2025, [Dkt. No. 289], the Debtor had not paid all of its bills on time and was not current on its quarterly fees to the U.S. Trustee. As of the end of November, cash on hand was $8,105.07, although the Trustee has been informed that much of that was used to pay payroll, unpaid bills totaled $48,000 and the debtor was down to two employees. Total projected cash flow for the month of November was ($35,000).

When it became clear that no reorganization was possible, on January 13, 2026, the Court entered an order converting the case to one under Chapter 7 [Dkt. No. 297]. On .January 15, 2026, Elissa D. Miller was appointed the Chapter 7 Trustee and has been serving in that capacity since.

Following her appointment, the Trustee reviewed the numerous documents filed with the Court, reached out to Debtor's counsel, the landlord's counsel, the DIP lender's counsel, secured creditors' counsel, and the Subchapter V Trustee. Following discussion with each, the Trustee determined that there were no liquid assets in the case and no assets to administer but instead obligations and potential liabilities with no ability to pay. Thus, the Trustee is filing the instant emergency motion to Dismiss.[2]

---

[2] The Trustee also informed the U.S. Trustee of this Motion and the U.S. Trustee responded that it had no objection to the dismissal of the case.

## II.

## CAUSE EXISTS TO DISMISS THIS CASE WITH

## AN ORDER EFFECTIVE IMMEDIATELY

Pursuant to Bankruptcy Code §707(a),

> The court may dismiss a case under this chapter [11 USCS §§ 701 et seq.] only after notice and a hearing and only for cause, including—
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees [or] and charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a) [11 USCS § 521(a)], but only on a motion by the United States trustee.

Section 707(a) provides that a Chapter 7 petition may be dismissed "only for cause." In *Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 840 (B.A.P. 9th Cir. 2008), the court observed that the "term 'for cause' is defined in the Bankruptcy Code only by way of a list of three examples—unreasonable delay prejudicial to creditors, nonpayment of filing fees, and not filing schedules—that is plainly incomplete." Id. The *Hickman* court explained that courts should examine the totality of the circumstances in determining whether "cause" under § 707(a) is present. Id. at 840. In *In re Sacramento Metropolitan Real Estate Investors*, 28 B.R. 228, 229 (Bankr. E.D. Calif. 1983), the Court noted that the examples of cause in Section 707(a) are illustrative and not exhaustive.

Further, courts have dismissed chapter 7 cases pursuant to Section 707(a) where continued administration of that case would place an undue burden on the trustee. See *In re Alamo*, 1995 Bankr. LEXIS 1261 *34 (Bankr. W.D. Ark. Jan. 27, 1995) (finding that trustee's continued administration of this Chapter 7 estate would place an unreasonable burden on the trustee as "there are currently no funds in the estate and no further income is anticipated by the Trustee with which to continue to administer the estate.").

As set forth above and in the declaration of Elissa D. Miller, attached hereto, cause exists to dismiss this case pursuant to Bankruptcy Code Section 707(a).  There are no funds in the estate, there are no unencumbered assets, there is a litany of obligations for the Trustee to perform all of which cost money and there will never be any funds for other than the secured creditors.  At the same time, if the Trustee does timely providing employees their W-2s and file the required tax returns, the Trustee and the estate could be liable for tax penalties, and that is not including the costs of returning the customer files and IP, and obtaining insurance while the Debtor moves from the premises.

Finally, there is no reason for this case to remain in bankruptcy.  Entities do not get discharges.

Wherefore, the Trustee respectfully requests that this case be dismissed, effective immediately upon entry of the order granting this Motion.

DATED: January 15, 2026           Respectfully submitted,

/s/Elissa D. Miller
Elissa D. Miller
Chapter 7 Trustee

## DECLARATION OF ELISSA D. MILLER

I, Elissa D. Miller, declare:

1. I am an individual over the age of eighteen, and I am the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate of Spearman Aerospace, Inc. I know all of the facts set forth herein of my own personal knowledge based on my review of the records in this case and my conversations with counsel representing parties in interest. If called as a witness, I could and would competently testify hereto.

2. I make this declaration in support of my "*Emergency Motion Of Chapter 7 Trustee For Order Dismissing Case Effective Immediately Upon Entry Of The Order Pursuant To 11 U.S.C. 707(a)*" (the "Motion").

3. The facts underlying this Motion are as follows: Prepetition, the Debtor was in the business of making specialized aerospace parts and components from a machine shop located in rented space in Santa Fe Springs, California. Although the Debtor was in business for many years, in October 2024, the then owner transferred the business to the new owner. The secured debt against the Debtor included blanket liens on all assets and specific first priority security interests in the large machinery used by the Debtor in its business.

4. On February 6, 2025, the Debtor filed a petition under Chapter 11, Subsection V of the United States Bankruptcy Code. During the case, the Debtor incurred more debt with its secured creditors as it was using their cash collateral to operate, some of whom held blanket liens and others who held priority liens on the machinery. During the Chapter 11, the Debtor also arranged Debtor in Possession ("DIP") financing through an entity related to the Debtor who was granted a junior lien on all of the assets and a lien on the avoidance claims and litigation pending in the Los Angeles Superior Court against the Debtor's prior owner as there were no other unencumbered assets. I have been informed by counsel for the DIP Lender that the DIP lender advanced not less than $300,0000. I have been informed by counsel for the secured creditors that they are collectively owed several million dollars.

5.	While the Debtor continued to operate, it was not paying its landlord and was also in default on its prepetition obligations to the Landlord, was not paying utilities, and allowed insurance on the premises and workers compensation to lapse.  On March 14, 2025, the Landlord filed a motion to reject the lease or pay administrative rent [Dkt. No. 59].  After several extensions while Debtor was arranging its DIP financing and dealing with other matters in the case, on September 4, 2025, the Debtor filed a notice of rejection of the lease and surrender of the property to the Landlord [Dkt. No. 200].  The surrender was delayed based on promised payments, however, on January 9, 2026, the Court entered an order compelling the Debtor to surrender the premises [Dkt. No. 294].

6.	According to the Debtor's most recent Monthly Operating Report for Small Business under Chapter 11 filed on January 7, 2026, for the month of November 2025, [Dkt. No. 289], the Debtor had not paid all of its bills on time and was not current on its quarterly fees to the U.S. Trustee.  As of the end of November, cash on hand was $8,105.07, although the Trustee has been informed that much of that was used to pay payroll, unpaid bills totaled $48,000 and the debtor was down to two employees.  Total projected cash flow for the month of November was ($35,000).

7.	When it became clear that no reorganization was possible, on January 13, 2026, the Court entered an order converting the case to one under Chapter 7 [Dkt. No. 297]. On January 15, 2026, I was appointed the Chapter 7 Trustee and have been serving in that capacity since.

8.	Following my appointment, I reviewed numerous documents filed with the Court including the petition and schedules, the plan of reorganization, the motion to value the equipment, motions to dismiss or convert, motions to reject the lease and surrender the lease premises, objections and oppositions to same and other pleadings.  I also reviewed the Monthly Operating Reports which painted a dismal picture.  On the late afternoon of January 14, 2026, I had a lengthy conversation with Doug Flauhaut, counsel for the Debtor who provided me with the history of the Debtor and the case.

9.  On January 15, 2026, I spent hours on the phone speaking with David Oberg, counsel for the DIP lender; Sean O'Keefe, counsel for the landlord, Robert Goe, Subchapter V Trustee and reached out by email to the other secured creditors. Following my discussion with each and my review of the documents, I determined that there were no liquid assets in the case and no assets to administer but instead obligations and potential liabilities with no ability to pay. And, even if I were able to negotiate a carve out with the secured creditors to sell their equipment, all I would be doing is paying Chapter 7 and chapter 11 administrative expenses.

10. On January 16, 2026, I received an email from Mr. Flauhaut itemizing items that need to be handled in the immediate future. A true and correct copy of Mr. Flauhaut's email is attached hereto as **Exhibit 2.** The list included providing W2s to employees and the required tax filings associated therewith, returning 50-75 boxes of client materials to clients all located at the leased premises as well as IP on the server and other obligations. The email noted that insurance had lapsed. And as noted above, there are no funds to pay for any of these obligations. And, based on my experience, if the W-2s are not issued timely by January 30, 2026 and the required tax forms not filed, there is additional exposure for taxes and penalties which, I am informed may also expose me personally to liability in addition to the estate.

11. Based on the foregoing, I respectfully request that the Court issue the order granting this Motion on an emergency basis with the Order effective immediately upon entry.

12. Regarding notice, all parties in interest are being served by mail with the Notice of Motion. Prior to filing this Motion, I called Noreen Madoyan, my supervising attorney with the Office of the United States Trustee and alerted her to the fact that I would be filing a motion. After receiving the hearing date, I reached out by email to the Ms. Madoyan, and counsel for the Debtor, the landlord, the DIP lender and the secured creditors to advise them that I would be filing this motion, the January 22, 2026, hearing

EDM 63573441v1                                9

date and the January 21, 2026, 5:00 p.m. deadline to file any opposition. I also advised them they would be receiving the copies of the Notice and the Motion by ECF today.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed January 16, 2026, at Los Angeles, California.

                    */s/ Elissa D. Miller*
                    Elissa D. Miller

# EXHIBIT 1

Elissa D. Miller
  elissa.miller@gmlaw.com
Chapter 7 Trustee
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 213.626.2311
Facsimile: 954.771.9264

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION,

| | |
|---|---|
| In re | Case No. 2:25-bk-10917-DS |
| Spearman Aerospace, Inc., | Chapter 7 |
| Debtor. | **ORDER GRANTING EMERGENCY MOTION OF CHAPTER 7 TRUSTEE FOR ORDER DISMISSING CASE EFFECTIVE IMMEDIATELY UPON ENTRY OF THE ORDER PURSUANT TO 11 U.S.C. 707(a)** |
| | DATE:   January 22, 2026<br>TIME:    1:00 pm.<br>PLACE: Courtroom 1639<br>          255 East Temple Street<br>          Los Angeles, CA 90012<br>          **OR BY Zoom.GOV** |
| | **Opposition Due 1/21/26 by 5:00 p.m.** |

The "*Emergency Motion Of Chapter 7 Trustee For Order Dismissing Case Effective Immediately Upon Entry Of The Order Pursuant To 11 U.S.C. 707(a); Memorandum Of Points And Authorities And Declaration Of Elissa D. Miller In Support Thereof And Re Notice*" (the "Motion") [Dkt. No. __] filed by Elissa D. Miller, the duly appointed, authorized, and acting Chapter 7 Trustee of the estate of Spearman Aerospace, Inc. ("Debtor ") came on for hearing before the Court on January 22, 2026, the Honorable Deborah Saltzman, United States Bankruptcy Judge Presiding.  After finding that no opposition was made by any creditor or party in interest, notice of the

EDM 63574635v1

Motion was properly under the circumstances and given to all necessary parties, and for the reasons stated on the record and for good cause appearing therefor:

**IT IS HEREBY ORDERED** that:

1. The Motion is granted; and
2. The Bankruptcy case is dismissed effective immediately.

**# # #**

# EXHIBIT 2

**Elissa Miller**

| | |
|---|---|
| **From:** | Doug <df@echoparklegal.com> |
| **Sent:** | Thursday, January 15, 2026 10:50 PM |
| **To:** | Elissa Miller |
| **Subject:** | Re: Spearman Aerospace |

[External Sender]

I do not believe there is/was any D&O at least since the current owner has been involved. All insurance policies should have been produced in the 7 day.

Also, the below is additional information that Tricia Knopf has told me that might be relevant.

- I understand W-2's are due by the 30th & Tricia Knopf will be providing me the YTD payroll log to me which I can forward to you.
- I understand the Debtor's insurance on the Greenleaf property has lapsed.
- I understand all employees are paid and gone
- The Greenleaf property is alarmed and the code is 2530
- Workers compensation insurance has been terminated
- Kecken1 is the password for Quickbooks which has books and records prior to BK filing
- The power is believed to be still on but there are unpaid power bills and it may be terminated.
- The air conditioning needs to be repaired
- The large garage door is extremely dangerous to open
- The network is intact
- Broadband (Starlink) hardware is at the Greenleaf property but is not currently in service.
- There are 50-75 bankers boxes on the mezzanine level that have customer data that Spearman retained and needs to be distributed to each customer
- The server has approx. 10 terabytes of data that belongs to a customer or customers, including but not limited to LMCO (Lockheed Martin?).
- There are certain tools and fixtures that belong to the customers and need to be returned
- Email is hosted by GoDaddy but has not been terminated
- There is currently no hot water at the premises.

Doug Flahaut, Founder
**Echo Park Legal, APC**
2210 W Sunset Blvd. #301
Los Angeles, CA 90026
310.709.0658

1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1875 Century Park East, Suite 1900, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): **EMERGENCY MOTION OF CHAPTER 7 TRUSTEE FOR ORDER DISMISSING CASE EFFECTIVE IMMEDIATELY UPON ENTRY OF THE ORDER PURSUANT TO 11 U.S.C. 707(a);  MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ELISSA D. MILLER IN SUPPORT THEREOF AND RE NOTICE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 16, 2026  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 16, 2026 | Cheryl Caldwell | */s/ Cheryl Caldwell* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 63573904v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- **Karen L Belair**    kbelair@zwickerpc.com
- **David A Berkley**    david.berkley@wbd-us.com, mary.koo@wbd-us.com;Sul.Lee@wbd-us.com
- **M Douglas Flahaut**    df@echoparklegal.com
- **Arnold L Graff**    agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **Elissa Miller (TR)**    millertrustee@gmlaw.com, MillerTrustee@gmlaw.com;C124@ecfcbis.com;cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com
- **Arlen Moradi**    arlen.moradi@katten.com
- **Anthony J Napolitano**    anapolitano@buchalter.com, docket@buchalter.com;marias@buchalter.com
- **Sean A OKeefe**    sokeefe@okeefelc.com, seanaokeefe@msn.com
- **David L Oberg**    david@oberglawapc.com
- **Madison B Oberg**    madison@oberglawapc.com
- **Valerie Bantner Peo**    vbantnerpeo@buchalter.com
- **Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Amitkumar Sharma**    amit.sharma@aisinfo.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- **Dylan J Yamamoto**    dylan@echoparklegal.com

CC 63573904v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**